IsPER CURIAM.
Plaintiff appeals a judgment of the trial court which dismisses her action for damages against the West Jefferson Medical Center and other defendants. West Jefferson filed a motion to dismiss the appeal as untimely. The motion was referred to the merits of the appeal by order of this Court on October 4, 1996.[1] West Jefferson has filed a motion to consolidate the two motions, which contains a second motion to dismiss the appeal. In that motion, West Jefferson, as a subdivision of the State of Louisiana, seeks to have the motion to dismiss addressed before briefing dates to conserve taxpayer dollars. Because we find the motion to dismiss the appeal has merit, we dismiss the appeal as untimely.
Judgment in this matter was rendered on April 30, 1996. Notice of signing of judgment was mailed on the same day. No new trial motion was filed. Request for reasons for judgment were filed on May 6, 1996. *1090 Accordingly, reasons for | ¡judgment were issued on July 15, 1996. A motion for devolu-tive appeal was filed on August 13, 1996.
LSA-C.C.P. art 2087 provides that a devol-utive appeal must be taken within sixty days of the appealable judgment when no motion for new trial has been filed. A judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the written reasons for judgment. Ziegel v. South Central Bell, 93-547 (La.App. 5 Cir. 3/16/94), 635 So.2d 314, 316. The appealable judgment in this case is the final judgment rendered by the trial court on April 30,1996. The appeal motion in this matter was filed well past the sixty day limit. Consequently, the appeal is untimely and is hereby dismissed.
MOTION TO CONSOLIDATE GRANTED; APPEAL DISMISSED.

. 96-CM-740.