726 So.2d 465 (1999)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Prather L. ROBINSON
v.
Alexis JIMENEZ, Robert G. Muniz and Southern United Insurance Company.
No. 98-CA-1057
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Charles S. Green, Jr., Beahm & Green, New Orleans, Louisiana, Attorney for Plaintiff/Appellee.
Michael H. Hogg, Perlis & Hogg, Metairie, Louisiana, Attorney for Defendant/Appellant Southern United Fire Insurance Company.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
GOTHARD, Judge.
The facts of this case are not in dispute. On July 25, 1994, defendant Alexis Jimenez was operating an automobile owned by Robert Muniz and insured by Southern United Fire Insurance Company (hereinafter "SUFIC"). Jimenez was involved in an automobile accident with Prather Robinson. Robinson's vehicle was insured by plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm").
State Farm settled its claim with Robinson by tendering the market value of the vehicle, plus sales tax on that amount. SUFIC tendered to State Farm the actual cash value of the vehicle, less the sales tax. The sole issue presented by this litigation was whether the sales tax was recoverable by State Farm.
Both parties filed a motion for summary judgment on that issue. The trial court denied the motion filed by SUFIC and granted the motion filed by State Farm, *466 finding that SUFIC was obligated to pay to State Farm the amount of $533.75. SUFIC filed this appeal. We find that the appeal is untimely and therefore we dismiss.
The record reflects that the motions for summary judgment were heard by the trial court on April 4, 1997. The trial judge took the matter under advisement and rendered judgment on February 11, 1998. Notice of the judgment was issued on February 12, 1998. Appellant counsel, on February 23, 1998, filed a request for written reasons for the February 11, 1998 judgment. Counsel did not file for appeal at that time.
Written reasons for judgment were issued on July 10, 1998 and a motion for appeal was filed on July 23, 1998.
La. C.C.P. art. 5002(A) provides that when no timely application for new trial has been filed, "[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of the judgment, when such notice is necessary."
La. C.C.P. art. 4905(A) describes that circumstances under which notice is necessary, providing, in part, that "[n]otice of judgment must be given when ... (2)[t]he case has been taken under advisement ...". La. C.C.P. art. 4905(C) provides that "[w]hen the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to the counsel of record."
A judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the reasons for judgment. Franks v. West Jefferson Medical Center, 97-179 (La.App. 5 Cir. 4/29/97), 694 So.2d 1089, Ziegel v. South Central Bell, 93-547 (La.App. 5 Cir. 3/16/94) 635 So.2d 314. The appealable judgment in this case is the judgment rendered on February 11, 1998. Since the case was taken under advisement by the trial court, notice of judgment by mailing to both parties' counsel of record was necessary, and was effected on February 12, 1998. Appellant's counsel received that notice, as evidenced by his request for written reasons filed on February 23, 1998. The motion for appeal was not filed until July 23, 1998, four months later, and is therefore untimely. Franks v. West Jefferson Medical Center, supra.
When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Smith v. Winn-Dixie Louisiana, Inc., 626 So.2d 750 (La.App. 5 Cir.1993).
Accordingly, we find the appeal filed by SUFIC to be untimely and dismiss the appeal at defendant/appellant's cost.
APPEAL DISMISSED.