752 So.2d 275 (2000)
Donald John SCHULINGKAMP and Donna Schulingkamp, Individually, and Donald J. Schulingkamp on Behalf of Donald J. Schulingkamp, Jr., Plaintiffs-Appellants,
v.
OCHSNER CLINIC, a Professional Corporation, Robert Bauer and United Cab Incorporated, et al., Defendants, and
Dr. Robert Treuting, Defendant-Appellee.
No. 99-CA-558.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
Writ Denied April 20, 2000.
*276 Camilo K. Salas, III, David A. Dalia, New Orleans, Louisiana, Attorneys for Appellants.
William C. Credo, III, Metairie, Louisiana, Attorney for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and MARION E. EDWARDS.
EDWARDS, Judge.
Donna and Donald J. Schulingkamp Sr., respectively sister and father of the late Donald J. Schulingkamp Jr., filed a lawsuit in 1989 against several parties, including Dr. Robert Treuting as coroner for the Parish of Jefferson. The suit was one for both wrongful death and unauthorized organ harvesting on the body of Schulingkamp Jr. In August of 1995, Dr. Treuting obtained an order dismissing the case pursuant to La.Code Civ.Pro.art. 561. In 1998, the Schulingkamps filed a Motion To Set Aside the Order Of Dismissal, to which motion Dr. Treuting filed Exceptions of Unauthorized Use of Summary Process, No Cause of Action and Prescription. The district court granted the latter two exceptions, which judgment the Schulingkamps now appeal. We reverse in part and affirm in part.
The case arose out of the death of Schulingkamp Jr., who was shot by a cab driver late on October 11-12, 1987. The victim was taken to Ochsner where he died on October 12, 1987. Ochsner maintained that, since they were unable to identify the body, they obtained authorization from the coroner's office to harvest Schulingkamp's organs for transplant without notification of the next of kin. The Schulingkamps filed a survival action against Ochsner Clinic, Robert Bauer (the driver), and United Cabs Inc. in 1988, and by supplemental and amending petition, added the Jefferson Parish Coroner's Office as a defendant in March, 1989. Dr. Treuting filed an Exception of No Cause of Action to the original suit on July 14, 1989 and a hearing was set. The record does not indicate that the hearing took place. In March of 1989, Ochsner was dismissed without prejudice by consent judgment. On May 5, 1990, United Cabs filed a Motion For Summary Judgment and on July 8, 1990, the Schulingkamp's filed an opposition. Although a hearing on the matter was set for September 2, 1990, the record does not contain a transcript or judgment on the motion.
There is no further action of record in the lawsuit until January 30, 1995, when United Cabs filed a Motion For Extension Of Time To Respond To Discovery, averring therein that the Schulingkamps had propounded interrogatories and a request for production of documents on January 19, 1995. In May and June of 1995, United Cabs filed two Motions For Summary Judgment each alleging the same grounds, that Bauer was not their employee. Summary judgment was granted on August 1, 1995 dismissing United Cabs from the lawsuit.
On August 4, 1995, Dr. Treuting filed a Motion To Dismiss the suit against him under La.Code Civ. Pro. art. 561, alleging that the Schulingkamps had abandoned their action against him. The record contains no activity in the case against Dr. Treuting since the exception filed in June of 1989. The motion was granted that same day, August 4, 1995, dismissing the suit against Dr. Treuting with prejudice.
In July, 1998, the Schulingkamps filed a Motion To Appoint A Private Process Server to locate Robert Bauer. On August 4, 1998, three years after the matter was dismissed as to Dr. Treuting, the Schulingkamps enrolled new counsel of record. On that same day, the Schulingkamps filed a Motion To Set Aside The Dismissal rendered in favor of Dr. Treuting in 1995. That motion alleged that the dismissal was based on improper, inaccurate and false allegations, and that at least 12 separate pleadings had been filed between August 2, 1990 and August 4, 1995. Specifically, the Schulingkamps urged that the motions for summary judgment filed by United *277 Cabs in 1995, along with the opposition thereto, were sufficient to interrupt abandonment against any defendants. A rule to show cause was set.
Dr. Treuting filed Exceptions Of Unauthorized Use Of Summary Process, No Cause Of Action, and Prescription. Dr. Treuting alleged that the motion to set aside the order of dismissal was an action to annul a judgment which must be brought by ordinary proceeding. Further, he urged that the motion disclosed no cause of action because the Schulingkamps were served with notice of the judgment through their attorney and, by failing to seek review, voluntarily acquiesced in the judgment within the meaning of La.Code Civ. Pro. art.2002. Finally, he averred that an action to annul a judgment on grounds of ill practice must be brought within one year of discovery under La. Code Civ. Pr. art.2004 and that the Schulingkamps "discovered" the judgment by service in 1995.
Following a hearing, the court overruled the exception of unauthorized use of summary proceedings, but granted the exceptions of prescription and no cause of action. The court found that the Schulingkamps could proceed by a Motion to Set Aside Dismissal rather than "a petition to set aside nullity", (which we interpret as a petition for nullity) and so the Exception of Unauthorized Use of Summary Process was denied. However, the court determined that the Schulingkamps received notice of the dismissal and that they acquiesced in it by failing to bring an action within the one year prescribed by Article 2004. The court thus maintained the exceptions of no cause of action and prescription.
On appeal, the Schulingkamps argue that the prescriptive period of Article 2004 does not apply because their motion was brought under Article 561. It is urged that at the time the dismissal was obtained, there were no time limits for filing a motion to set aside a judgment of abandonment. It is further averred that there is no evidence in the record that the Schulingkamps acquiesced in the judgment of dismissal or that they ever received a copy of it.
Initially we note that it appears clear from the record that the original dismissal was inadvertently granted, since during the applicable 5-year period, a motion for summary judgment was filed by United Cab and a judgment dismissing the company was granted on August 1, 1995, several days before the coroner's motion to dismiss on article 561 was filed. Although it is true that no action was taken in the lawsuit with regard to Dr. Treuting, when any party to a lawsuit takes formal action in the trial court it is effective as to all parties.[1]
The trial court correctly permitted the Schulingkamps to proceed by a motion to set aside the order rather than by a nullity action. At the time of the dismissal, article 561 read:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
The Official Comments read, in part:

*278 When the court dismisses a suit on the ex parte motion of defendant and plaintiffs failure to prosecute is due to circumstances beyond his control, plaintiff should rule defendant into court to show cause why the ex parte dismissal should not be vacated, alleging that plaintiff's failure to prosecute was due to circumstances beyond his control. A similar procedure should be followed in a case where the court inadvertently dismisses the suit without noticing that defendant has taken a step in the defense of the suit within the previous five years.

The present version of Article 561 limits the time period to set aside a dismissal to 30 days. That amendment was made in 1997 and was to become effective for all pending actions. The present matter, which had been dismissed two years earlier, was no longer pending and therefore that version of the article does not apply.
The Schulingkamps aver that the notice of dismissal was never served on them. Although the present version of Article 561 requires service, the applicable version did not. Dr. Treuting presented evidence that a copy of the order was mailed to counsel of record on August 7, 1995, and although the Schulingkamp's allege there is no evidence that they received the notice, neither was ther was there evidence to the contrary. Rather, at the trial of the exceptions present counsel for the Schulingkamps stated that "I got a gratuitous copy supposedly through the lawyer who was then representing the plaintiff ..." Thus it appears that the trial court correctly found the Schulingkamp's had been notified of the dismissal through their attorney of record. We are presented with no reason why the Schulingkamps, aware of the dismissal, did not file proceedings to set aside the order for three years.
Under the applicable version of the article, it has been held that a motion to vacate a dismissal must be brought within a reasonable time and that by way of analogy, anything more than the delay allowed for a devolutive appeal would be unreasonable.[2] We agree with that analysis and hold that the motion in the present case, filed three years after the Schulingkamps were notified of the order of dismissal, was not sought within a reasonable time.
The Schulingkamps cite jurisprudence for the proposition that a petition for nullity on an order of dismissal should be construed as a rule to show cause[3] and that the court thus erred in considering the time periods of Article 2004. While we agree that the prescriptive period of Article 2004 is inapplicable, the cited case is not controlling. There, the period of time between the date suit was dismissed and the petition for nullity filed was 5 months. The action in Bandaries was originally brought as a nullity procedure and was within the one year requirement of Code Civ. Pro. art.2004. We adhere to our position that the appropriate time period is that of a devolutive appeal and further note that the 3-year delay in the present case is well beyond that in Bandaries.
The court erred in granting the exception of no cause of action. It is well settled that the purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition and the well-pled facts in the petition must be accepted as true.[4] The exception must be overruled, unless plaintiff has no cause of action under any evidence admissible under the pleadings.[5] The *279 Schulingkamps stated a cause of action in their motion, and the exception should have been overruled.
The trial court properly granted Dr. Treuting's Exception of Prescription and dismissed the action although for incorrect reasons. A judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the written reasons for judgment.[6] On appeal, the court of appeal reviews judgments and, where the court of appeal believes that the trial court reached the proper result, the judgment will be affirmed.[7]
For the foregoing reasons, the portion of the judgment granting the exception of no cause of action is reversed. The portion of the judgment granting the exception of prescription and dismissing the case is affirmed. Costs of this appeal are taxed to the Schulingkamps.
REVERSED IN PART; AFFIRMED IN PART.
DALEY, J., dissents.
DALEY, J., dissenting:
I respectfully dissent from the majority opinion. Plaintiffs' only Notice of the Judgment of Dismissal came through defense counsel's mailing them a courtesy copy of the Judgment. No Notice of the Judgment was mailed by the Clerk of Court, as per the requirements of LSA-C.C.P. art.1913. The failure to formally mail Notice of Judgment to the plaintiffs means that the time delays for a new trial and appeal had not begun to run. LSA-C.C.P. art.1974 states the delay for applying for a new trial shall be seven days and shall commence to run on the day after the Clerk has mailed the Notice of Judgment as required by Article 1913. The delays for filing an appeal do not begin to run until after the delay for applying for a new trial have lapsed.
Notice of the signing of a final Judgment was required in this case. Notice is especially critical in a case in which Judgment was obtained by an exparte Motion to Dismiss. I find no authority for the position that opposing counsel's sending a courtesy copy of a Judgment substitutes for the requirement that "notice of a final judgment ... shall be mailed by the clerk of Court of the parish ... to the counsel of record for each party and to each party not represented by counsel." LSA-R.S. C.C.P.1913(c).
In this instance, the Motion to Set Aside Dismissal is comparable procedurally to a Motion for New Trial. See Potter v. Patterson, 96-1172 (La.App. 4 Cir.3/19/97), 690 So.2d 1118. Therefore, plaintiffs' Motion to Set Aside Judgment of Dismissal is not untimely.
Dr. Treuting's position, that only plaintiffs' activity against him would interrupt abandonment as to him, is not correct. See Delta Development Company, Inc. v. Jurgens, 456 So.2d 145 (La.1984). Therefore, the trial court erred in granting Dr. Treuting's Motion to Dismiss under art. 561. The record contains no five year gap in plaintiffs' pursuit of their case.
The trial court erred in determining that the Motion to Set Aside Dismissal had prescribed when no Notice of Judgment had been mailed, hence the time delays for applying for a new trial or appealing had not commenced. I would reverse the ruling of the trial court.
NOTES
[1] Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984)
[2] Picone v. Lyons, 94-2428 (La.App. 4th Cir. 4/26/95), 653 So.2d 1375.
[3] Bandaries v. Winnfield Life Insurance Company, 96-919, (La. App. 3rd Cir. 2/5/97), 689 So.2d 613.
[4] Butler v. Reeder, 93-493 (La.App. 5th Cir. 2/9/94), 632 So.2d 401, 403, citing Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
[5] Id.
[6] LSA-C.C.P. art.1918; Ziegel v. South Cent. Bell, 93-547 (La.App. 5th Cir. 3/16/94), 635 So.2d 314, 316.
[7] Id., at 316.