LGOTHARD, Judge.
Plaintiffs brought this action in 1989 for wrongful death and unauthorized organ harvesting on the body of Donald J. Schu-lingkamp, Jr. Several defendants were named in the suit including the coroner for Jefferson Parish, Dr. Robert Treuting. In 1995 Dr. Treuting, the only remaining defendant, obtained an order dismissing the case for failure to take action toward the prosecution of the case for a period of over five years pursuant to LSA C.C. P. art. 561. In 1998, the plaintiffs filed a motion to set aside the order of dismissal. In response, Dr. Treuting filed exceptions of unauthorized use of summary process, no cause of action and prescription. | aThe trial court denied the first exception, but granted the exceptions of no cause of action and prescription and dismissed the case. Plaintiffs appealed. On review, a panel of this court reversed in part and affirmed in part, with a dissenting opinion.[1] The Supreme Court denied writs.[2]
Plaintiffs have now filed a second appeal in which they question the August 4, 1995 order which dismissed the matter for abandonment. Dr. Treuting has filed exceptions of res judicata and prescription with this court.
Plaintiffs argue that a devolutive appeal from the 1995 dismissal order is timely because the order, “which was obtained on an ex-parte motion filed by Dr. Treuting, is a judgment that can only be appealed after a contradictory hearing is held to determine the validity of the ex-parte order”. In support of their position, plaintiffs cite Domonter v. Breaux Bridge Partnership, 99-1226, (La.App. 3 Cir. 2/2/00), 758 So.2d 828. Plaintiffs’ reliance on Do-monter is misplaced. In that case, the issue was whether the appellate court had supervisory or appellate jurisdiction. The court concluded the judgment on appeal was a non-appealable interlocutory judgment, and the court was without jurisdiction to consider the appeal.,
In the instant case, the issue is whether a plaintiff can appeal an ex-parte judgment of dismissal for abandonment after an exception of prescription has been granted dismissing the entire case, and that ruling has been appealed and affirmed by both this Court and the Supreme Court. We know of no provision of law which would *552 allow a plaintiff to appeal a ruling |4in a case after the entire matter has been dismissed on a final and definitive judgment. Accordingly, we dismiss this appeal for lack of jurisdiction. We rule that defendant’s exceptions are moot, and assess all costs of this appeal to appellant.
APPEAL DISMISSED; EXCEPTIONS NOT CONSIDERED.

. Schulingkamp v. Ochsner Clinic, 99-558 (La.App. 5 Cir. 1/25/2000), 752 So.2d 275.

. Schulingkamp v. Ochsner Clinic, 2000-0618 (La.4/20/00), 760 So.2d 348.