783 So.2d 457 (2001)
Gary Vincent RICKS
v.
EAST JEFFERSON GENERAL HOSPITAL FOUNDATION, INC.
No. 00-CA-1695.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2001.
Stan R. Aaron, Baton Rouge, for Plaintiff/Appellant, Gary Vincent Ricks.
John C. McNeese, Dwight L. Acomb, New Orleans, for Defendant/Appellee, East Jefferson General Hospital Foundation, Inc.
Panel composed of EDWARD A. DUFRESNE, Jr., SOL GOTHARD and SUSAN M. CHEHARDY.
CHEHARDY, J.
On March 31, 1999, plaintiff, Gary Vincent Ricks, filed the instant lawsuit against defendant, East Jefferson General Hospital Foundation, Inc., alleging a tort claim arising out of a July 1975 blood transfusion received by plaintiff while a patient at East Jefferson General Hospital. In his petition, plaintiff claims that he contracted hepatitis C from the 1975 blood transfusion, and that he "did not know and could not have known before April of 1998 the cause of the contraction by him of hepatitis C." Defendant responded by filing an exception of prescription, alleging plaintiff's claims had prescribed, and an answer, denying the allegations in plaintiff's petition.
*458 Thereafter, defendant filed a memorandum in support of its exception of prescription, asserting that plaintiff knew or should have known of this cause of action on September 26, 1995, when the medical director of East Jefferson General Hospital's blood bank notified him by written correspondence that the blood he had recently donated to the blood bank tested positive for hepatitis C. The correspondence went on to "strongly recommend that you discuss this positive test with your physician and possible need for confirmation of this result." Plaintiff filed an opposition to defendant's exception, asserting that in the 1995 correspondence, "he was not told what caused him to contract hepatitis C or that it was related in any way to a blood transfusion."
A hearing on defendant's exception of prescription was held on February 15, 2000. At the conclusion of the hearing, the trial court sustained defendant's exception of prescription. The following day, on February 16, 2000, the trial court executed a written judgment, sustaining defendant's exception of prescription and dismissing plaintiff's lawsuit with prejudice.
On February 22, 2000, plaintiff filed a "request for written findings of fact and reasons for judgment" in the trial court. On May 12, 2000, the trial court issued written "reasons for judgment." Thereafter, on July 18, 2000, plaintiff filed a petition and order for appeal, praying for "a devolutive appeal from the judgment signed on February 16, 2000." The petition for appeal was granted by the trial court on July 19, 2000.
Prior to reaching the merits of this appeal, we note a procedural defect, which mandates dismissal of plaintiff's appeal.
La. C.C.P. art. 2087 provides in pertinent part that a devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial, if no application has been filed timely. No application for new trial was filed herein.
As noted above, the judgment which plaintiff desires to appeal was executed by the trial court on February 16, 2000. Pursuant to La. C.C.P. art. 1974, plaintiff had seven days, exclusive of legal holidays, or until February 28, 2000 to file an application for new trial. Thereafter, pursuant to La. C.C.P. art. 2087, plaintiff had sixty days, or until April 28, 2000 to file his petition and order for appeal, which was not done until July 18, 2000.
By waiting until July 18, 2000 before filing a petition for appeal, plaintiff apparently believed that he could perfect an appeal within sixty days after the expiration of the delay for applying for a new trial from the May 12, 2000 reasons for judgment. There are no provisions in the law for applying for a new trial from reasons for judgment. Further, there are no provisions in the law for the statutorily-imposed time delays for filing an appeal to be suspended pending a trial court's issuance of reasons for judgment. Additionally, it is well settled that an appeal is taken from a judgment, not the written reasons for judgment. Schulingkamp v. Ochsner Clinic, 99-558 (La.App. 5 Cir.1/25/00), 752 So.2d 275, 279, writ denied, 00-618 (La.4/20/2000), 760 So.2d 348; Sullivan v. Gulf States Utilities Co., 382 So.2d 184, 186 (La.App. 1 Cir.1980), writ denied, 384 So.2d 447 (La.1980).
Because plaintiff did not file a petition to appeal the February 16, 2000 judgment within the time delays mandated by La. C.C.P. art. 2087, plaintiff's appeal is untimely, and must be dismissed. Therefore, for the foregoing reasons, plaintiff's appeal is hereby dismissed.
APPEAL DISMISSED.