892 So.2d 671 (2004)
Mark HARPER
v.
Elia ESCHENAZI, Allstate Insurance Company, Venture Transport, Inc. and Gulf Insurance Company and Motor Transport Underwriters, Inc.
No. 04-CA-863.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*672 James E. Shields, Jr., Gretna, Louisiana, for Plaintiff/Appellant.
S. Daniel Meeks, Todd J. Bialous, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Mark Harper, appeals from a summary judgment rendered by the trial court on the issue of uninsured motorist coverage. Defendants, Venture Transport, Inc., Gulf Insurance Company and Motor Transport Underwriters, Inc., have filed a motion to dismiss the appeal as untimely. Finding merit in this motion, we must dismiss plaintiff's appeal as untimely.
This litigation arises from a motor vehicle accident which occurred on July 6, 2001 between a truck and trailer operated by Mark Harper and a vehicle operated by Elia Eschenazi. At the time of the accident, Harper was providing motor carrier transport services for Venture Transport, Inc. The plaintiff filed suit against Eschenazi and his liability insurer, Allstate Insurance Company. Plaintiff also filed a claim for uninsured motorist coverage against Venture Transport, Inc. and its insurers, referred to collectively in this opinion as "defendants."
Defendants filed a motion for summary judgment in this case on the basis that the policy of insurance involved in this case did not provide uninsured/underinsured motorist coverage to plaintiff for the injuries sustained in this case. The trial court rendered judgment on December 19, 2003 granting defendants' motion for summary judgment and dismissing plaintiff's suit at *673 this cost. Notice of judgment was mailed to all counsel on December 29, 2003.
On January 2, 2004, plaintiff filed into the record a written motion requesting reasons for judgment. On motion of defendants, the judgment was designated as final partial judgment pursuant to the provisions of La. C.C.P. art. 1915 on January 15, 2004. The trial court submitted its reasons for judgment on May 26, 2004. Plaintiff's motion for appeal was filed on June 10, 2004 and the appeal was granted on the same day.
Defendants contend that the motion for appeal was untimely filed. Defendants also seek damages for the unnecessary attorney's fees and costs sustained in defense of this appeal.
La. C.C.P. art. 2087 provides the period for taking a devolutive appeal as follows:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
The appeal delays found in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption: these time limits are jurisdictional. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Martin v. Freiberger, 02-188 (La.App. 5 Cir. 6/26/02), 822 So.2d 810, 812; Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish, 99-2907 (La.App. 1 Cir. 12/22/00), 778 So.2d 75, citing Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991).
Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. From the record before us, we conclude that the Motion for Appeal filed on June 10, 2004 was untimely. We are therefore without jurisdiction to consider this appeal.
La. C.C.P. art. 2087 provides in pertinent part that a devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial, if no application has been filed timely. However, the delay for filing an appeal of a partial judgment begins on the day the notice of signing a motion to certify is mailed. Fraternal Order of Police v. City of New Orleans, XXXX-XXXX (La.11/8/02), 831 So.2d 897, 900.
As noted above, the partial summary judgment which plaintiff desires to appeal was rendered by the trial court on December 19, 2003. On motion of defendants, the judgment was certified as final on January 15, 2004, and notice of this ruling was mailed to all counsel on January 16, 2004. Plaintiff's appeal delays therefore began to run on this date.
Pursuant to La. C.C.P. art. 1974, plaintiff had seven days, exclusive of legal holidays, or until January 23, 2004, to file an application for new trial. Thereafter, pursuant to La. C.C.P. art. 2087, plaintiff had *674 sixty days, or until March 23, 2004, to file his motion for appeal, which was not done until June 10, 2004.
By waiting until June 10, 2004 before filing a motion for appeal, plaintiff apparently believed that he could perfect an appeal within sixty days after the rendition of the May 26, 2004 reasons for judgment. There are no provisions in the law for appealing from reasons for judgment. Further, there are no provisions in the law which suspends the statutorily-imposed time delays for filing an appeal pending a trial court's issuance of reasons for judgment. Additionally, it is well settled that an appeal is taken from a judgment, not the written reasons for judgment. Ricks v. East Jefferson General Hosp. Foundation, Inc., 00-1695 (La.App. 5 Cir. 3/14/01), 783 So.2d 457, 458; Schulingkamp v. Ochsner Clinic, 99-558 (La.App. 5 Cir.1/25/00), 752 So.2d 275, 279, writ denied, 00-618 (La.4/20/2000), 760 So.2d 348; Sullivan v. Gulf States Utilities Co., 382 So.2d 184, 186 (La.App. 1 Cir.1980), writ denied, 384 So.2d 447 (La.1980).
Because plaintiff did not file a petition to appeal the final judgment within the time delays mandated by La. C.C.P. art. 2087, plaintiff's appeal is untimely. Therefore, for the foregoing reasons, we have no jurisdiction over this appeal and plaintiff's appeal is hereby dismissed. Martin v. Freiberger, 02-188 (La.App. 5 Cir. 6/26/02), 822 So.2d 810, 812.
Defendants request sanctions in the form of reasonable expenses incurred because of the untimely filing of plaintiff's motion for appeal. Defendants rely on the provisions of La. C.C.P. art. 863. That article authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. The penalties provided for in article 863 "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." La. C.C.P. art. 863(E). The Louisiana Supreme Court in Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993), stated that the ability to impose sanctions under article 863 is limited to the district court by the plain language of the article. ANR Pipeline Co. v. Louisiana Tax Com'n, 01-2594 (La.App. 1 Cir. 3/20/02) 815 So.2d 178, 183.
However, La. C.C.P. art. 2164 provides: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal[.]" Because appeals are favored, damages should not be awarded unless an appeal is unquestionably frivolous, i.e., it is obvious that the appeal was taken for delay or the counsel does not sincerely advocate the view advanced to the court. Hampton, supra, 618 So.2d 859, Verret v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.App. 3 Cir. 2/2/00), 759 So.2d 115, 121; writs denied, 00-673, 00-690 (La.4/20/00), 760 So.2d 1159 and 761 So.2d 535.
In the present case, plaintiff states in brief that by requesting written reasons for judgment, he was determining whether an appeal was prudent in this case. Plaintiff states that he filed his motion for appeal within days after receipt of the trial court's reasons for judgment. Under these circumstances, we fail to conclude that the appeal was unquestionably frivolous. Accordingly, defendants' motion for sanctions is denied.
APPEAL DISMISSED.