MARION F. EDWARDS, Judge.
 

 |2In this workers’ compensation matter, the sole issue presented for our review is whether the health care provider, HCA Management Services, L.P. (“HCA”) and Tulane-Lakeside Hospital (“Lakeside Hospital”), are entitled to special reimbursement for services rendered based on an outlier fee schedule or at the applicable per diem rate. For reasons herein, we affirm the decision of the Workers’ Compensation Court.
 

 FACTS
 

 On March 22, 2004, James Huxen (“Mr. Huxen”) injured his lower back in the course and scope of his employment as a refrigeration mechanic with Winn-Dixie. As a result of that injury, Mr. Huxen underwent surgery on his lower spine at Lakeside Hospital. HCA billed Winn-Dix-ie for the costs of Mr. Huxen’s surgery, the surgical implants, all ancillary services, and all materials used during surgery at the usual and customary rates pursuant to workers’ compensation outlier reimbursement rate of eighty-five percent.
 

 A dispute arose between Winn-Dixie and HCA over whether the procedure met the criteria for outlier status pursuant to the Louisiana Workers’ Compensation Fee Schedule set forth in Title 40, § 2519 of the La. Admin. Code. Consequently, HCA filed a “Special Reimbursement Consideration Appeal Request” with the | ^Louisiana Department of Labor, Office of Workers’ Compensation Administration. On June 2, 2006, the Department of Labor denied HCA’s appeal, finding that this surgery did not satisfy outlier criteria and was properly reimbursable at the per diem rate of $2,059. The opinion letter also informs HCA of its right to challenge the opinion by filing a formal dispute, a Disputed Claim for Compensation Form, with the appropriate hearing office. HCA did not seek this avenue of review.
 

 Subsequently, Winn-Dixie and its insurer, Sedgwick Claims Management
 
 *219
 
 (“Sedgwick”), filed a Disputed Claim for Compensation in which they sought reimbursement for overpayment of fees to defendants/appellants based on the fact that the medical treatment was not an outlier and did not justify the payment above the normal fee schedule. In support of that claim, Winn-Dixie attached the letter from the Department of Labor denying HCA’s request for outlier status and establishing the reimbursement at the per diem rate of $2,059.
 

 After HCA answered the claim, Winn-Dixie filed a motion for partial summary judgment on the issue of outlier status. HCA opposed the motion, arguing Mr. Huxen’s treatment was atypical in nature, requiring a lengthy surgery and numerous implants, the same argument presented to the Department of Labor in HCA’s special reimbursement request. HCA argued that the amount billed was medically necessary and should be classified as outlier surgery despite the denial of its request for outlier status by the Department of Labor. HCA also filed a motion to strike the denial letter from the Department of Labor from the record.
 

 On January 22, 2008, the Office of Workers’ Compensation judge rendered judgment denying HCA’s motion to strike and granting Winn-Dixie’s motion for partial summary judgment ruling that the procedure performed on Mr. Huxen did not meet the criterion for outlier status. That judgment was not appealed.
 

 pSubsequently, on February 19, 2008, the parties entered into a Joint Stipulation showing that the total charges for Mr. Huxen’s surgery were $82,982.80. Winn-Dixie paid $4118, representing two days at $2059, the per diem surgical rate for the New Orleans area. HCA resubmitted a bill assessed on outlier status in the amount of $66,417.38. Winn-Dixie paid $70,535.38, an amount equal to eighty-five percent of the total charges of $82,982.80. After a subsequent partial refund, the final total paid by Winn-Dixie to HCA for Mr. Huxen’s surgery was $63,316.42. The joint stipulations also set forth the calculations used to reach the final amount of $34,020.02 demanded as a reimbursement by Winn-Dixie.
 

 Also in that joint stipulation, the parties agreed that the only issues to be resolved in the matter were whether the medical and surgical treatment rendered by the health care provider should have been classified as outlier and the amount of reimbursement in controversy. Although the joint stipulation seeks to preserve a continuing objection to the ruling of the court on the motion for partial summary judgment, in conclusion the joint stipulation states: “This Honorable Court issued a judgment which held the procedure performed on Mr. Huxen was not an ‘outlier,’ and this stipulation speaks to the amount in controversy. Therefore, with this stipulation, all issues have been disposed of with this court, and the parties request an entry of judgment.”
 

 On May 13, 2008, the court rendered a judgment in favor of claimants in the amount of $34,020.02. The judgment shows that the court based the final judgment on the earlier motion for partial summary judgment that the procedure was not an outlier and that the parties jointly stipulated to the amount in controversy. Defendants/appellants appeal that judgment.
 

 On appeal, defendants/appellants argue the hearing officer erred in granting the partial motion for summary judgment on the issue of outlier status. We find 1 Rthat the issue presented by them has not been preserved for consideration on appeal and this Court is without jurisdiction to address the merits of the grant of the partial motion for summary judgment.
 

 
 *220
 

 LAW AND ANALYSIS
 

 The procedure for resolving the issue of whether hospital services will be reimbursed outside of the normal per diem reimbursement method is set forth in 40 La. Admin. Code § 2519.
 
 [1]
 
 A health care provider may appeal from a denial of outlier status by the Department of Labor by filing a formal appeal with the Office of Workers’ Compensation.
 
 [2]
 
 Final determination as to acceptance of a case for 1 ^special reimbursement rests solely with the State of Louisiana, Office of Workers’ Compensation.
 
 [3]
 

 As previously noted, HCA failed to avail itself of the procedure for appealing the decision of the Department of Labor as provided by 40 La. Admin. Code § 2519(B)(3). Instead, HCA sought to have the decision struck from the record in the Workers’ Compensation Court and argued the merits of outlier status in its opposition to claimants’ motion for partial summary judgment.
 

 The trial court may render a final judgment even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion for judgment on the pleadings, as provided by C.C.P. article 968.
 
 [4]
 
 “Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same man
 
 *221
 
 ner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover’s right to the relief not granted on motion....”
 
 [5]
 

 In the matter before us, the hearing officer rendered a final partial summary judgment that was not timely appealed. When a party fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.
 
 [6]
 
 Accordingly, this Court is without jurisdiction to consider the merits of the issue of outlier status as that issue was decided by the partial summary judgment rendered on January 22, 2008 that has now become final.
 

 |7The judgment on appeal is the judgment of May 13, 2008 in which the hearing officer granted judgment in favor of claimants in the amount of $34,020.02. Given the finality of the grant of the partial summary judgment and the joint stipulation of the parties that the amount in controversy is $34,020.02, we find the judgment is correct and should be affirmed.
 

 AFFIRMED.
 

 [1]
 

 .Inpatient hospital acute care services falling within certain diagnosis code ranges will be reimbursed outside the normal per diem reimbursement method. These atypical admissions will be paid at covered billed charges less a fifteen percent (15%) discount.
 

 A. Automatic Outliers
 

 Conditions requiring acute care inpatient hospital services that are work related and are recognized as "automatic outliers” are:
 

 1. AIDS: ICD-9 Diagnosis Codes 042-044
 

 2. Acute Myocardial Infarction: ICD-9 Diagnosis Code 410
 

 3. Severe Burns: ICD-9 Diagnosis Code 949
 

 B. Appeal Procedures
 

 Special reimbursement consideration will be given to cases that are atypical in nature due to case acuity causing unusually high charges when compared to the provider’s usual case mix. This appeal process applies to Workers’ Compensation cases paid under the per diem reimbursement formula limiting the payment amount to the lesser of per diem or covered billed charges.
 

 1.The following general criteria will be applied to determine when a case, originally paid at the per diem rate, may be appealed:
 

 a. Total charges for an inpatient hospital surgical admit are greater than or equal to $100,000.
 

 b. Total charges for an inpatient hospital medical admit are greater than or equal to $75,000.
 

 c.Average per day charge for any case (inpatient hospital, rehabilitation, SNF, etc.) equates to 1.75 times the applicable per diem rate.
 

 2. When a provider determines that a case falls within the appealable criteria, a request for review may be submitted to the Carrier/Self-Insured Employer.
 

 3. If denied, a provider may then file a formal appeal with the Office of Workers' Compensation using the Special Reimbursement Consideration Appeal Form (LDOL-WC-3000) (see EXHIBIT II). Forms are available upon request from the Office of Workers' Compensation at the address shown on the sample form. Procedures for filing an appeal and documentation required are provided on the form.
 

 4. Final determination as to acceptance of a case for special reimbursement rests solely with the State of Louisiana, Office of Workers' Compensation.
 

 5. If approved, the provider will be reimbursed at covered billed charges less a fifteen percent (15%) discount.
 

 [2]
 

 . 40 La. Admin. Code § 2519(B)(3).
 

 [3]
 

 . 40 La. Admin. Code § 2519(B)(4).
 

 [4]
 

 . LSA-C.C.P. art. 1915(A)(2).
 

 [5]
 

 . LSA-C.C.P. art. 968.
 

 [6]
 

 . LSA-C.C.P. art.2087;
 
 Harper v. Eschenazi,
 
 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671, 673.