JUDE G. GRAVOIS, Judge.
 

 |2The plaintiffs have appealed from a judgment granting an exception of prescription filed by the Parish of Jefferson (the Parish). The Parish filed in this Court a motion to dismiss the appeal as untimely. We find merit to the Parish’s motion and accordingly dismiss the plaintiffs’ appeal as untimely.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 This matter arises from a natural gas leak that allegedly occurred in Jefferson Parish on November 17, 2004. The plaintiffs consist of approximately sixty persons who filed suit against Atmos Energy Cor
 
 *410
 
 poration (Atmos) on November 16, 2005 alleging that they sustained damages as a result of the gas leak. Believing that their individual claims were less than $20,000 each, the plaintiffs filed their action in the Second Parish Court for the Parish of Jefferson. As a result of the granting of a motion to transfer filed by Atmos, the suit was transferred to the 24th Judicial District Court for the Parish of Jefferson by | ..judgment dated March 2, 2006. On May 1, 2008, the plaintiffs filed an amending petition naming the Parish as a defendant and asserting that the Parish was jointly negligent with Atmos for causing the November 17, 2004 gas leak.
 

 The Parish filed an exception of prescription claiming that the action against it was prescribed because the filing of the suit in Second Parish Court did not suspend prescription against the Parish. The Parish argued that pursuant to LSA-R.S. 13:5104(b), which requires that suits against a political subdivision of the state be brought in the district court of the judicial district in which the political subdivision is located or in a district court having jurisdiction in the parish in which the cause of action arises, Second Parish Court is not a court of proper venue for an action against the Parish.
 

 Following a hearing, the trial judge found merit to the arguments presented by the Parish and granted the Parish’s exception of prescription in a judgment signed on June 4, 2009. This judgment was mailed to the plaintiffs on June 8, 2009. On June 19, 2009, the plaintiffs filed a motion requesting written reasons for judgment. The trial judge signed the reasons for judgment on July 10, 2009 and the reasons for judgment were mailed to the plaintiffs on July 13, 2009. On August 27, 2009, the plaintiffs filed a motion for a devolutive appeal which was granted on September 3, 2009.
 

 On appeal, the plaintiffs argue that venue against the Parish is proper in Second Parish Court when the jurisdictional amount is less than $20,000 because that court is an overflow court for the 24th Judicial District Court. The plaintiffs further argue that the transfer of the case to the 24th Judicial District Court before the Parish answered defeats the Parish’s argument relative to LSA-R.S. 13:5104(b).
 

 |4On March 3, 2010, the Parish filed a motion in this Court to dismiss the plaintiffs’ appeal as being untimely.
 

 DISCUSSION ON MOTION TO DISMISS APPEAL AS UNTIMELY
 

 La. C.C.P. art. 2087 A sets forth the time period for taking a devolutive appeal, to-wit:
 

 A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
 

 (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
 

 (2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
 

 The delay for applying for a new trial is seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
 
 La. C.C.P. art. 197L
 

 The delays for taking an appeal set forth in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; rather, these time limits are juris
 
 *411
 
 dictional.
 
 Harper v. Eschenazi,
 
 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671, 673. As such, an appellant’s failure to file a devolutive appeal timely is a jurisdictional defect, the result of which is that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed.
 
 Id.
 

 As noted above, the judgment which the plaintiffs seek to appeal was executed by the trial court on June 4, 2009 and was mailed to the plaintiffs on June |fi8, 2009. Pursuant to La. C.C.P. art. 1913 D
 
 [1]
 
 and La. C.C.P. art. 1974, the plaintiffs’ appeal delays began to run on June 9, 2009. The plaintiffs accordingly had seven days from June 9, 2009, exclusive of legal holidays, or until June 17, 2009 to file an application for new a trial.
 
 [2]
 
 The plaintiffs did not file an application for a new trial. As such, pursuant to La. C.C.P. art. 2087, the plaintiffs had sixty (60) days from June 17, 2009, or until August 17, 2009, to file a motion for a devolutive appeal. The plaintiffs’ motion for a devolutive appeal was not filed until August 27, 2009.
 

 The plaintiffs may have been under the mistaken belief that they could timely file a motion for a devolutive appeal sixty (60) days from July 13, 2009, the date of the mailing of the notice of reasons for judgment. However, there are no provisions in the law that suspend the statutorily mandated time delays for filing an appeal pending a trial court’s issuance of reasons for judgment.
 
 Ricks v. East Jefferson General Hospital Foundation, Inc.
 
 00-1695 (La.App. 5 Cir. 3/14/01), 783 So.2d 457, 458.
 

 Since the plaintiffs’ motion for appeal of the June 4, 2009 judgment was not filed within the statutorily imposed time delays mandated by La. C.C.P. art. 2087, the plaintiffs’ appeal is untimely and must accordingly be dismissed as prayed for by the Parish.
 

 Our finding of merit in the Parish’s motion to dismiss the plaintiffs’ appeal as untimely pretermits a discussion of the plaintiffs’ assignments of error.
 

 \t,CONCLUSION
 

 For the foregoing reasons, the Parish’s motion to dismiss the plaintiffs’ appeal as untimely is hereby granted. The plaintiffs’ appeal is accordingly hereby dismissed. All costs are assessed to the plaintiffs.
 

 APPEAL DISMISSED.
 

 [1]
 

 . La. C.C.P. art. 1913 D states: "The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
 

 [2]
 

 . In counting the seven-day delay period to file an application for a new trial, Saturdays and Sundays are legal holidays and are not counted.
 
 Succession of Garlington,
 
 06-426 (La.App. 3 Cir. 9/27/06) 939 So.2d 633, 635;
 
 Wiley v. Wiley,
 
 459 So.2d 105 (La.App. 2 Cir.1984).