HANS J. LILJEBERG, Judge.
|2Pefendant, Jacob D. Lewis, Sr., appeals from a judgment of the district court denying his request for a preliminary injunction to enjoin the sale of his property seized by executory process. For the reasons stated herein, we dismiss the present appeal.

FACTS AND PROCEDURAL HISTORY

On January 25, 2011, a verified petition for executory process was brought by U.S. Bank, National Association, as Trustee for Long Beach Mortgage Loan Trust 2001^1 (“U.S. Bank”), alleging that petitioner was the holder of a promissory note executed by Jacob D. Lewis, Sr. and secured by an Act of Mortgage in favor of Long Beach Mortgage Company on certain property in St. Charles Parish. Both documents were annexed to the petition. Petitioner alleged that the note was in default and that the terms provided for acceleration of the amount due, the entire balance of $21,135.27, together with interest and attorney’s fees. Further, based on a confession of judgment contained in the mortgage document which allowed for seizure and sale by executory process, petitioner prayed that an order of executory process issue directing the Sheriff of St. Charles Parish to seize and sell the property according to | Jaw. On January 28, 2011, the district court ordered the issuance of a Writ of Seizure and Sale of the described property.
On March 29, 2011, a petition for injunction was filed in this matter by Rayfield Lewis, individually and as agent for Jacob D. Lewis, Sr., alleging that Jacob Lewis, Sr. was the owner of the property made the subject of the petition for executory process. Mr. Lewis alleged that the described property had been seized by the Sheriff and further alleged that an injunction of the sale of the property was warranted, because U.S. Bank was not entitled to proceed via executory process for several stated reasons. On the date the matter was set for hearing, Mr. Lewis also filed a motion to strike the allegations of U.S. Bank’s petition for executor process, and he also sought to dismiss the complaint for failure to state a cause of action.
A hearing was held in the district court on May 6, 2011. Rayfield Lewis[1] testified that the subject property was owned by his son, Jacob, who had been incarcerated since 2004. Mr. Lewis stated that he had *1283 been paying the note initially, but that he discontinued payments when the note was taken over and increased by another institution. At the conclusion of the hearing, the district court found no basis to enjoin the sale.
By judgment rendered on May 6, 2011, the district court dismissed the petition for injunction with prejudice and also denied the motion to strike. The record further indicates that the subject property was advertised, noticed and then sold at Sheriffs Sale on May 25, 2011, and the record indicates that the sale was proper in all respects.

DISCUSSION

Jacob Lewis, Sr. now devolutively appeals from the May 6, 2011 judgment of the district court denying injunctive relief, arguing that U.S. Bank lacked legal standing to bring the foreclosure action and further failed to provide original ^documents evidencing proof of petitioner’s claim. U.S. Bank argues in response that all of the evidentiary requirements of executory process were met and, further, that Rayfield Lewis had no standing to enjoin the sale of this property. In addition, U.S. Bank contends that the appeal of the district court judgment was untimely and further that the appeal is moot as the record contains evidence that the sale of the property occurred prior to the filing of the appeal. Because we find merit in U.S. Bank’s argument that Mr. Lewis’ appeal is untimely, we are without jurisdiction to address the remaining issues presented in this appeal.
It is well settled that a devolutive appeal may only be taken within sixty days of either: 1) the expiration of the delay for applying for a new trial, if no application has been filed timely; or 2) the date of the mailing of notice of the court’s refusal to grant a timely filed application for a new trial. LSA-C.C.P. art. 2087; Falkins v. Jefferson Parish School Board, 97-26, p. 2 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. Guillot v. Consolidated Freightways, 588 So.2d 113, 114 (La.App. 5 Cir.1991); Harper v. Eschenazi, 04-863, p. 5 (La.App. 5 Cir. 12/28/04), 892 So.2d 671, 674.
In the present case, the judgment dismissing Mr. Lewis’ petition for injunction was rendered on May 6, 2011. The record reflects that notice of judgment was mailed on May 20, 2011. The motion for appeal was not filed until February 6, 2012. Clearly, Mr. Lewis’ motion for appeal was not filed within the delays for taking a devolutive appeal under LSA-C.C.P. art. 2087. This Court is without jurisdiction to rule on an untimely appeal. Accordingly, for the reasons set forth above, this appeal is dismissed.

APPEAL DISMISSED.

. Mr. Lewis is also referred to in the record as "Raphael Lewis.”