WICKER, J.
In this medical malpractice action, plaintiff-patient seeks review of the trial court's January 29, 2018 judgment sustaining defendants-healthcare providers' exceptions of prescription and dismissing plaintiff's suit with prejudice. For the following reasons, we find this Court lacks jurisdiction to consider the merits of the *1213 appeal and we dismiss the appeal as untimely.
On August 30, 2017, plaintiff, Aimee Lasseigne, filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against defendants, East Jefferson General Hospital (EJGH), Dr. Andre Mouledoux, and Dr. Daniel Fontanez, for damages arising out of an August 23, 2014 lumbar spinal tap and related medical treatment performed at EJGH. Defendants subsequently filed exceptions of prescription, contending that plaintiff's request for a medical review panel was not filed until June 30, 2016, more than one year from the date of the alleged malpractice.
On January 29, 2018, the trial court issued a written judgment sustaining defendants' exceptions of prescription and dismissing plaintiff's suit in its entirety with prejudice. On that same date, the Clerk of Court issued and mailed notice of the signing of judgment to all counsel of record. On April 16, 2018, the trial court issued written reasons for judgment. On May 11, 2018, plaintiff filed a motion for devolutive appeal, seeking review of the January 29, 2018 judgment sustaining the defendants' exceptions of prescription "as to which reasons were issued on April 16, 2018."
Defendants subsequently filed a Motion to Dismiss Appeal in this Court, asserting that plaintiff's appeal, seeking review of the January 29, 2018 trial court judgment, is untimely.
La. C.C.P. art. 2087 provides the time period within which a party must appeal a trial court judgment:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
The delay for applying for a new trial is seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. La. C.C.P. art. 1974. This Court has found that, "an appellant's failure to file a devolutive appeal timely is a jurisdictional defect, the result of which is that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed." Williams v. Atmos Energy Corp. , 09-1061 (La. App. 5 Cir. 5/11/10), 42 So.3d 409, 410-11.
In this case, the trial court judgment from which plaintiff seeks review was issued on January 29, 2018. Therefore, plaintiff had seven days from January 29, 2018, exclusive of legal holidays, or February 7, 2018, to file an application for a new trial. Because plaintiff did not file an application for a new trial, she had sixty days from February 7, 2018, or until April 9, 2018, to file a motion for a devolutive appeal. Thus, plaintiff's motion for devolutive appeal filed on May 11, 2018 was untimely.
In her motion for appeal filed in the trial court, plaintiff references that the trial judge issued reasons for judgment "on April 16, 2018." However, a judgment *1214 and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the reasons for judgment. Alexander v.Maki , 15-517 (La. App. 5 Cir. 1/4/16), 183 So.3d 821, 822 ; State Farm Mut. Auto. Ins. Co. v. Jimenez , 98-1057 (La. App. 5 Cir. 1/26/99), 726 So.2d 465, 466 ; Franks v. West Jefferson Medical Center , 97-179 (La. App. 5 Cir. 4/29/97), 694 So.2d 1089 ; Ziegel v. South Central Bell , 93-547 (La. App. 5 Cir. 3/16/94), 635 So.2d 314. The judgment appealed in this case was issued on January 29, 2018. Thus, plaintiff's appeal, filed May 11, 2018, is untimely. Accordingly, this Court lacks jurisdiction to consider the merits of the appeal and we grant appellees' motion to dismiss the appeal as untimely.
APPEAL DISMISSED