## No. 3.

STATE *ex rel.* LE CONTE *et al. v.* JUDGE FOURTH DISTRICT COURT *et al.*

1. The confession of defendant, to authorize an immediate judgment thereon, must be absolute and unconditional.
2. When, upon an answer containing an admission of indebtedness, conditional, and not absolute, judgment is rendered *pro confesso*, such judgment is erroneous, and defendant is entitled to an appeal, article 567 C. P. being inapplicable to such a case.

3. Where the amount sued for is originally sufficient, defendant cannot be deprived of an appeal by the improper division of the controversy and the rendition of two or more judgments instead of one.

4. Where a cause of action is so severed, and a decree rendered for a part of the demand, with reservations as to the balance, such a decree is definitive and not interlocutory, and may be appealed from immediately.

5. After rendition of such a partial decree and its signature the right of appeal is vested in defendant, and the plaintiff cannot by a subsequent remittitur deprive him thereof.

6. In determining the right of a party to an appeal, neither the court *a qua* nor the appellate tribunal can lawfully consider questions pertaining exclusively to the merits.

*Application for Writs of Prohibition and Mandamus to the Fourth District Court. Houston, J.*

*F. Michinard* for relator.

*W. S. Benedict* and *F. W. Baker* for respondents.

McGLOIN, J.—This case comes to this Court by assignment from the Honorable Supreme Court of the State. It is an application for writs of mandamus and prohibition. Relators are defendants in suit No. 45,625 on the docket of the late Fourth District Court for this parish, being sued for $600 and interest, upon the allegation that they had collected a note belonging to Mrs. Emily Williams, plaintiff in said cause, by her intrusted to them for collection. Defendants, in reply, aver that they, with the assent of petitioner, compromised the claim represented by said note with the maker for two hundred and fifty dollars in full settlement; and that they have paid plaintiff one hundred and one $\frac{30}{100}$ dollars, on account thereof, and have tendered her the remainder of the sum actually received, which was refused. Upon this answer the plaintiff moved for judgment, as confessed, for the sum mentioned, one hundred and forty-eight $\frac{70}{100}$ dollars, with reservation of her right to still contest for the disputed balance, and it was accorded. In due course, this decree was signed, and Le Conte & Co. moved for a suspensive appeal therefrom, which was denied. After said application and refusal, plaintiff entered a remittitur, reducing

the amount claimed to less than five hundred dollars. Relators are now demanding writs to compel the granting of said appeal, and stay further proceedings under the judgment. The application is resisted on the following grounds:

First—The judgment is one confessed, and no appeal lies.

Second—The amount involved is less than five hundred dollars.

Third—The decree in question is interlocutory, and can therefore come up only upon a final appeal in the main cause, and that being rendered unappealable, previous interlocutory orders therein share its character and fate.

Fourth—The sum awarded being due under either theory of the case, should, in any event, be paid, whatever may be the result as to the balance of the claim.

1st. We cannot consider the averments of the answer as constituting a confession, such as authorized an immediate judgment thereon, with the reservation allowed. Claiming something under the answer, plaintiff should have taken it as it was, and as a whole. The amount actually collected is not declared to belong to her unconditionally. It forms part of the proceeds of the compromise set up. If this was unauthorized, plaintiff has no interest in the proceeds, and, as to her, the note stands uncollected. It is averred that this sum was tendered to her and refused. The confession contemplated by the authorities cited, 24 A. 17; 4 Rob. 144; 5 Rob. 447; 11 A. 746; 9 La. 413; 4. A. 407, is one actually or substantially unconditional; and only upon such are the courts authorized to render judgments *pro confessis*. Where, as in this case, the answer concedes indebtedness not absolute, but entirely conditional, the confession is not complete, unless compliance with the conditions is also admitted. Here, if the compromise be effectively repudiated, defendants owe plaintiff nothing upon the allegation for moneys collected, but must return the note in kind, and account for damages occasioned by wrongful actions, or laches, if any. The surrendered note, or its amount, could be recovered from the maker only upon restoring or tendering the sum paid, un-

der the compromise, which cannot stand as to one while it perishes for the other. This restoration Le Conte & Co. could not make, if deprived pending this controversy of the disputed fund; and so, in event of losing this cause, they could not recover and surrender the note itself, as they might have the right to do. Plaintiff, by conceding the validity of the settlement, and thus putting this issue at rest, might have rendered absolute a confession which was, otherwise, only conditional. The motion for judgment, on the contrary, and the judgment itself, reserve to her the right to still pursue for the disputed balance. Defendants should not have been held, under the circumstances, to have confessed judgment; and the case does not come under the operation of article 567 of the Code of Practice, refusing an appeal to one who has so confessed.

2d. Upon this issue it is urged that the amount of the decree complained of is less than five hundred dollars, and hence there is no jurisdiction. Such a question is determined, not by reference to the judgment rendered, but by the amount claimed in the petition, or in the demand in reconvention, as the case may be. It is not within the power of a court, by dividing for two or more judgments, what should be covered by one, or by otherwise improperly partitioning a single cause of action, to deprive a litigant of his right to appeal. If it were, the jurisdiction of Appellate Courts would be at the mercy of inferior judges, who might, were they so inclined, arbitrarily destroy it in the great majority of cases.

3d. We do not consider the decree in question as an interlocutory order. Article 538 Code of Practice defines such an order as one which does not decide upon the merits, but pronounces merely upon preliminary matters. Here, as to this particular sum, the court a qua has decreed upon the merits and sought to fix definitively the rights of the parties. As it is, this judgment would constitute res adjudicata, unless reversed in some of the methods indicated by the law; and so we have another of those distinctive marks pointed out in the Code as peculiar to definitive judgments. It is true, article 539 C. P.

defines such judgments as deciding all the points in controversy between the parties. In this case, by the action of plaintiff, the litigation was sundered into parts, practically as though a severance had been ordered between causes improperly cumulated. In passing upon the disputed balance the court *a qua* would hardly have felt justified in taking up or reviewing the question of defendants' liability for the particular sum covered by this decree, any more than in rendering the same it passed upon the merits of that portion of the controversy which was left untouched. This judgment, therefore, being a definitive one, we believe that the right of the defendants to an appeal therefrom, immediately upon its rendition, became fixed and vested under the Constitution, and that neither judge nor litigant could deprive him of it without his consent or default.

4th. The question herein presented relates exclusively to the merits of the cause. The only matter now before us is, whether an appeal should have been allowed. With the merits of the controversy we cannot lawfully, at this time, concern ourselves, (32 A. 822). It must have been by an oversight that the learned judge *a quo* affixed his signature to an answer presenting such an issue ; for, not being the final arbiter of an appealable cause, we feel convinced that his opinions upon the merits thereof were not allowed to influence his judgment in determining the question of its appealability.

For these reasons it is adjudged, that writs of mandamus and prohibition, provisionally issued herein, be made perpetual, as prayed for by relator, and be addressed to the Honorable Civil District Court for the parish of Orleans, successor, under the Constitution, to the late Fourth District Court for the parish of Orleans. It is further adjudged, that respondent, Emily Williams, pay the cost of these proceedings.