LIQUIDATORS OF PRUDENTIAL SAV-
INGS & HOMESTEAD SOCIETY
v. NASSANS

———

(July 7, 1928.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1. Louisiana     Digest—Judgment—Par.     9,
   100.

A deficiency judgment for balance of in-
debtedness, after sale of the mortgaged
property, obtained without citation on
the so-called confession of judgment
in the original act, is null and void.

Appeal from Division "A," Civil District
Court.   Hon. Hugh C. Cage, Judge.

Action by Liquidators of Prudential Sav-
ings and Homestead Society against Frank
A. Nassans.

There was judgment for defendant and
plaintiff appealed.

Judgment affirmed.

U. Marinoni, F. Rivers Richardson, of
New Orleans, attorneys for plaintiff, ap-
pellant.

Daniel Wendling, of New Orleans, attor-
ney for defendant, appellee.

JONES, J.   On January 4, 1916, plain-
tiff filed a petition for executory process
against defendant on a certain lot in
Square 601 of this City.   Petition with
notice of demand was duly served upon
defendant, but he failed to pay and on
February 24, 1916, property was sold by
Sheriff to Solomon Stein for five hun-
dred dollars ($500.00).   After paying costs
plaintiff received only three hundred twen-
ty-one and 27/100 ($321.27) dollars, leav-
ing a balance due on his mortgage (with
interest) of eight hundred seventy-one and
33/100 ($871.33).   On June 8, 1917, plaintiff
presented a petition to Judge Ellis of the
District Court setting forth these facts and
obtained from him at once, without any
citation or service, on mere presentation of
the act, the note and Sheriff's return a
judgment for eight hundred seventy-one
and 33/100 ($871.33) dollars, with interest
thereon from October 8, 1916, at the rate
of seven and one-half percent.

Nothing further was done until Septem-
ber 14, 1925, when plaintiff filed a rule
directing defendant to appear before Court
and submit to an examination as to his
assets.

To this rule exceptions were duly filed
and on September 18, 1925, defendant sued
to annul the judgment of June 8, 1917, on
the ground that it had been rendered with-
out citation and without any legal confes-
sion of judgment.

The Homestead liquidators answered that
judgment without citation was legal, be-
cause the authentic act of mortgage con-
tained a confession of judgment on the en-
tire indebtedness.

The trial judge declared the judgment
of June 8, 1917, null and void.

In thorough reasons for judgment he
uses the following language:

"As the matter now stands, a confession
of judgment and a waiver of citation can
only be had in an authentic act confected
for the purpose of giving rise to the right
to executory process, before the debt is
due.   The authentic act declared on in this
case, was executed only for the purpose of

authorizing the creditor to exercise his right in rem via executiva and plainly on its face it was never intended to give authority for a personal judgment.

"Let us take the case of a man living in New York who would execute such an act in Louisiana. The right of the creditor to have a curator ad hoc appointed upon whom demand and notice of seizure and intended sale could be served, is perfectly good, but an attempt to go into some Court and obtain a personal judgment against him for the deficiency, would be unheard of and in my opinion would come in conflict with the provisions of the Federal Constitution, as set down in Pennoyer vs. Neff.

"When an authentic act has performed its function permitting the seizure and sale in rem, it is functus officio. It is dead and no further benefit can be had from it. It is solely for the purpose of an action in rem against the property and for no other purpose. When it has performed this function the creditor has in his hands nothing more than an ordinary promissory note, **subject to a credit** and if desires to get judgment on that note, it is necessary, in my opinion, to cite the maker of the note into Court and let him plea a thousand and one defenses if he desires to, whether it be prescription; want of consideration; failure of consideration, or, any of the other defenses there are to paying on maturity a promissory note.

"If the position contended by the Homestead in this case was well taken, how foolish and silly would it be for any petitioner to resort to 'executory process. Why? Because he could come into Court, present his note and act, obtain a judgment for the full amounts of the note and immediately on the signing of the judgment he would become vested with the right to fieri facias and could seize not only the mortgaged property, but anything else that the maker of the note possessed.

"If the position taken by the Homestead Society in this case is correct, there never would be a case of executory process in Louisiana. I know if I were practicing law and could obtain a judgment by presenting my note and act of mortgage on the property and could go into the Clerk's office and three minutes after obtaining my judgment could issue my writ of fieri facias, I certainly never would resort to executory process.

"The fact that it is not done and that the various members of the bar in Louisiana, in one hundred odd years have never seen this beautiful, smooth avenue of achievement, is proof positive to my mind that it does not exist and I think that the action taken to annul is well taken for want of citation and want of citation is fatal to the validity of the judgment and, therefore, there will be judgment for the plaintiff in petition for nullity of judgment, as prayed for."

The material paragraph in the Act of Mortgage reads as follows:

"Now, in the event of the purchaser's failure to pay the aforesaid promissory note when it shall become due, together with interest, attorney's fees and other charges, then in that case, the Commonwealth Building and Loan Association has been authorized to cause the property herein described and all the buildings and improvements then standing thereon, without notice and without putting in default, to be seized under executory process, issued by any competent Court, and to be sold thereunder, without appraisement and for cash, to the highest bidder. The said purchaser has renounced the benefit of all laws or parts of laws relative to the appraisement of movable and immovable property and effects, seized and sold under executory or other legal process, and has confessed judgment in favor of said Association, and its assigns for the full amount of said promissory note, together with all interest, premiums of insurance, taxes, attorney's fees and all costs, charges and expenses whatsoever."

It will be noted that the act reads "has confessed judgment."

Attorney for plaintiff in nullity proceedings urges that this was not in itself a present confession of judgment, but required additional admission to make it usable even for the purpose of executory process. It is true that many if not most of such acts generally use the words "does hereby confess judgment," thereby import-

ing a present immediate act. While the language above quoted does apparently refer to an antecedent confession, we think the whole intent of the act, as shown in the language quoted and in other relevant parts, was to confess judgment and to waive appraisement with reference to the lot sold but no further.

In the course of his brief attorney for the Homestead reasons as follows:

"Article 91 of the Constitution of 1898 provides:
" 'Service of citation shall not be waived for judgment confessed by a document under private signature executed prior to the maturity of the obligation sued on.'

"This article is pregnant with an affirmative, so that when the confession of judgment is made by notarial or authentic act the article does not apply.

"The trial court, in an exhaustive opinion, declared that the confession of judgment contained in the notarial act securing the mortgage note in question was simply executed for the purpose of authorizing executory process, and not as a notarial confession of judgment. In this position we beg leave to differ, and this is the entire question before the Court.

"We contend that when a man confesses judgment he confesses it for the entire amount due, and not for the part of the indebtedness which might be realized under executory process, but for the entire amount for which he has executed his obligation, and for which he has confessed judgment. Certainly there is nothing in the act of mortgage and confession of judgment which says that if the property so mortgaged fails to bring enough to satisfy the mortgage, then this confession of judgment is at an end. On the contrary the defendant said that the confessed judgment for every part and parcel of the entire indebtedness, including interest, attorney's fees and costs.

"Now having confessed judgment in notarial form for the entire indebtedness, how can he now say that he is entitled to citation for the part of the indebtedness which the property mortgaged failed to satisfy?"

To support this contention he cites a number of decisions of the Supreme Court of this State, but he frankly admits that this procedure is entirely unknown and the issue—"res nova" in Louisiana jurisprudence.

None of the decisions cited are applicable.

We think the novelty of the procedure is in itself an admission of its invalidity, as it is well said by Judge Cage, Were such a proceeding possible, executory process and deficiency judgments would vanish like the witches of McBeth from our Courts.

In N. O. Canal & Banking Co. vs. Hagan, 1 La. Ann. page 68, the Supreme Court says:

"The clause of confession of judgment is much relied on by Hagan's adversary. The clause is found in its usual position in the notarial act, to-wit, in that portion which provides safeguards and remedies for the enforcement of the mortgage. It follows the pact de non alienando, which is a clause intended to relieve the mortgagee from the necessity and delay of action against a subsequent purchaser. The object of the confession clause is to give in distinct terms the remedy of executory process against the land. Such a clause does not authorize a fieri facias against the mortgagor's other property, nor a registration in the nature of a judicial mortgage. It is, in our opinion, a mere provision that concerns the mortgagee's remedy against the hypothecated property."

All that this confession of judgment gives the creditor is the right to seize and sell one lot in satisfaction of the mortgage.

This was inferentially decided by the Supreme Court in Coquenheim vs. Trosclair, 137 La. 987-989, 69 So. 800, cited with approval by this Court in Willis vs. Thomason, 1 Orl. App. 313.

Here this Court said:

"In executory proceedings only the property subject can be seized and sold.
"Neither the law nor the act under which the Homestead obtained its deficiency judgment contains such a declaration; and, there being no such declaration, there is no legal basis therefor."

In Sladovich vs. Eureka Homestead Society, 161 La. 270, 108 So. 478, where the homestead instead of issuing executory process, sued the two Sladoviches on the mortgage note for $10,264.90, plus interest and attorney's fees and for recognition of vendor's lien and mortgage; they were both cited and served with copies of petition, although confession of judgment similar to that involved herein will be found in the acts. Judgment was obtained against both with recognition "of vendor's lien and mortgage on the property."

The court amended the judgment saying, (page 269):

"The judgment should not have gone further than to enable the plaintiff to seize and sell the property in satisfaction, as far as it would satisfy, the debt due the plaintiff. Neither of the defendants was liable on a conventional obligation for the amount of the note sued on. Our opinion is that the plaintiff was entitled to a judgment in rem only to reinstate the title in statu quo ante fuit, and thus undo the wrong."

In State vs. Judge, 1 McGloin, 11, it was held that confession of judgment must be specific and unconditional.

Executory process in a proceeding in rem, against the property, and if the property fails to bring a sufficient amount, the proceeding is to file suit, the defendant must be cited and served with a copy of the petition before deficiency judgment can be legally obtained. Unless one is cited, his property is taken without due process of law. If cited, he may plead prescription or other defenses to the deficiency judgment.

For above reasons the judgment is affirmed.