205 So.2d 199 (1967)
E. N. PICKERING, Plaintiff-Appellant,
v.
Henry E. KINNEY, Defendant-Appellee.
No. 10910.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1967.
Rehearing Denied January 11, 1968.
Berry & Lee, Winnsboro, for plaintiff-appellant.
Warren Hunt, Rayville, for defendant-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action for a deficiency judgment upon a note secured by a vendor's lien and special mortgage covering a house and lot following foreclosure upon the property by executory process. From an adverse judgment, plaintiff appeals.
The facts may be briefly stated. Pursuant to an authentic act of January 6, 1965, plaintiff sold to defendant his residence and the lot upon which it is located for a price of $4,500.00, represented by defendant's note. To secure the payment of the purchase price, plaintiff retained a vendor's lien on and defendant specially mortgaged unto plaintiff the property forming the subject matter of their transaction.
*200 A controversy arose as to when delivery of the property was contemplated or would be made to defendant. Neither party intended immediate delivery. Plaintiff continued to occupy the residence notwithstanding subsequent demands by defendant for possession. In the meantime defendant expressed a desire, upon failure to obtain possession, to recede the property to plaintiff and regain possession of his note. Instead of acceding to defendant's proposal, plaintiff instituted foreclosure proceedings against the property from a sale of which a credit of $1,580.83 was realized and applied as a credit on the note.
There is neither contention nor proof of a compliance with the provisions of LSA-R. S. 13:4106 and 13:4107 and of LSA-C.C.P. Arts. 2771 and 2772, entitling plaintiff to institute an action for a deficiency judgment. These statutory enactments establish as a public policy of this State that:
"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
"If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby."
LSA-R.S. 13:4106.
The thrust of the defense is that the foreclosure proceedings were nudum pactum, and that it would be unconscionable for the vendor to keep his property, which he had continued to occupy, and to have judgment for any alleged deficiency. The burden of proof, however, is upon plaintiff to show compliance with the aforesaid statutory provisions as a prerequisite to his entitlement to a deficiency judgment. He has neither alleged nor established such compliance.
The judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.