338 So.2d 116 (1976)
GOLDEN LANE MARINE, INC.
v.
BOBBEN FABRICATORS, INC. and Summit Insurance Co. of New York.
No. 7028.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1976.
Rehearing Denied October 13, 1976.
Writ Refused December 8, 1976.
*117 Adams & Reese, Michael G. Crow, New Orleans, for plaintiff-appellee.
Gordon K. Konrad, Gretna, for defendant-appellant.
Before LEMMON, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
Defendant, Bobben Fabricators, Inc. (Bobben), has appealed from a judgment making absolute a rule for a preliminary injunction filed by plaintiff and ordering Bobben to deliver a vessel to plaintiff upon plaintiff's payment to Bobben of $30,000. Plaintiff has not itself appealed or answered Bobben's appeal. While the judgment was also rendered against Bobben's surety, Summit Insurance Company of New York, Summit has not appealed and consequently is not a party to the proceedings before us.
On September 21, 1973, a contract was entered into between Bobben, designated therein as "builder," and plaintiff, designated therein as "owner," under which Bobben was to construct a tugboat for plaintiff. The contract excluded "any work commonly referred to as `outfitting'." It provided for completion by March 15, 1974, with provisions for extensions of time in favor of Bobben in the event of delays beyond its control, but required that Bobben give notice in writing to plaintiff of any such delay within five days from the start thereof. It provided further for a contract price of $250,000 to be paid in installments of $10,000 with the furnishing by Bobben of a performance bond, $75,000 when the steel required for the construction was in Bobben's yard, and progress payments every 30 days based on the percentage of completion, and the percentage of machinery, equipment and fixtures delivered to Bobben for installation in the vessel. The final payment was to be made upon delivery of the vessel. The contract also contained the following:
"This contract embodies all agreements between the parties hereto and any promises, agreements, representations, or obligations which may have been previously made or undertaken by either party and not set out herein are cancelled and shall be of no further force or effect."
Following the confection of the contract plaintiff arranged for financing with its bank to the extent of $700,000, which was then anticipated as necessary for the completion *118 of the vessel. By the time this loan agreement was completed, the performance bond was furnished by Bobben and the steel had been delivered to Bobben's yard so that an initial payment of $85,000 was made. Progress payments totaling $135,000 were made during construction, and by the end of 1974 a total of $220,000 had been paid on the account. In addition, plaintiff had paid $117,000 for equipment materials and supplies, which were installed in the vessel during construction, and plaintiff had purchased for $333,340 the engines which were likewise installed in the vessel during the construction.
A number of delays had been encountered by Bobben so that the initial deadline of March, 1974, was long past before this dispute arose. During this period of time costs had increased and Bobben had taken a loss on the project. In addition, Bobben hoped to get a contract from plaintiff for the second phase of the construction of the vessel, namely, the outfitting, which was specifically excluded from the contract for the construction and which had never ripened into a contract between the parties. But by the end of 1974 Bobben was intent upon making up for the loss it had incurred on the contract for the construction of the vessel with a contract for the outfitting, but, apparently, plaintiff was unwilling to pay Bobben's price.
While these negotiations were in progress Bobben declined to proceed any further on the construction contract. At this point, some 27,000 man-hours had been expended on the project and Bobben's vice president admitted that it would take only 250 manhours or a week's work to complete the contract. Thus, plaintiff was confronted with a situation where it had paid to Bobben $220,000 to construct the vessel, it had paid $450,000 for equipment and engines now installed in the vessel, the work on the vessel under the contract was 99% Complete, the vessel was subject to easy removal from Bobben's possession and delivery to plaintiff, and plaintiff was willing to pay the balance of $30,000 under the contract, but Bobben refused to complete the work and deliver the vessel despite the fact that it was now January, 1975. Bobben's obvious motive was to pressure plaintiff into making a contract for the outfitting which would be financially beneficial to Bobben.
In attacking the trial judge's injunction Bobben takes the position that the contract was one of sale and the $10,000 to be paid when the performance bond was delivered was earnest money under LSA-C.C. Art. 2463, so that either party could recede from the contract in consideration of the amount of the earnest. Alternatively, Bobben asserts that the contract was an "obligation to do" under C.C. Art. 1926, and pursuant to Art. 1927 plaintiff was relegated to a suit for monetary damages and was not entitled to specific performance.
The circumstances of this case do not support the position that this was a contract to purchase and to sell with the $10,000 being in the nature of earnest money. From the wording of the contract and the manner in which payments were made, we must conclude that plaintiff simply employed Bobben to construct this vessel out of materials which were supplied by plaintiff. Before construction commenced plaintiff was the owner of the steel for which it paid $75,000 to Bobben, and while under construction, the vessel was the property of plaintiff. Plaintiff's suit cannot be construed as one seeking specific performance of a sale but was simply an attempt by plaintiff to get possession of its own property. Likewise, we do not agree that plaintiff was relegated to a suit for monetary damages under C.C. Art. 1927. This is not an "ordinary" case where Bobben's breach of contract would entitle plaintiff only to monetary damages. Aside from the fact that plaintiff was being deprived of possession of its property, compensation for which cannot be accurately measured, plaintiff was confronted with the extraordinary situation of having spent some $770,000 on its vessel, being willing to pay the balance of $30,000 in order to get possession thereof, and being told by Bobben it could not get possession unless plaintiff agreed to employ Bobben to the outfitting on the vessel.
*119 The trial judge has broad discretion in determining whether to grant or refuse a preliminary injunction and his decision will be disturbed only in cases where a clear abuse of this discretion has been shown. Picard v. Choplin, 306 So.2d 918 (La.App.3rd Cir. 1975), LSA-C.C.P. Art. 3601 authorizes the issuance of an injunction in cases where irreparable injury, loss or damage may otherwise result to the applicant. On the facts of this case we cannot say that there was an abuse of discretion on the part of the trial judge, and accordingly the judgment appealed from is affirmed.
AFFIRMED.