MOTION TO DISMISS
LABORDE, Judge.
The defendant-appellee, Grey Wolf Drilling Company, moves to dismiss the appeal of the plaintiff, Gilbert Benoit, on the *300 grounds that the plaintiffs appeal was not timely perfected.
A motion for summary judgment was signed on March 4, 1986. This judgment dismissed the appellant’s, Gilbert Benoit’s, suit with prejudice, on a finding that he was a statutory employee of the defendant, Grey Wolf. On April 28th, a motion and order of appeal was filed and signed by the trial court on behalf of Patterson Services, Inc., the intervenor. The plaintiff filed no motion or order of appeal, but filed a motion to join the appeal perfected by Patterson. This motion was filed on September 10, 1986.
Appellee, Grey Wolf, has filed a memorandum in opposition to the motion to join the appeal of Patterson, which will be considered as a motion to dismiss the appeal of Gilbert Benoit.
The granting of Grey Wolf’s motion for summary judgment, and the dismissal of the plaintiff’s suit with prejudice was a final judgment. LSA-C.C.P. Art. 1911, National Safe Corporation v. Benedict and Myrick, Inc., 367 So.2d 871 (La.App. 1st Cir.1978).
LSA-C.C.P. Art. 2087 provides in part: Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial; as provided by Article 1974, if no application has been filed timely; ...
As plaintiff was not entitled to notice of the signing of the judgment via LSA-C. C.P. Art. 1974, because the case was not taken under advisement (See LSA-C.C.P. Art. 1913), the delays for applying for a new trial began on March 5, 1986, the day after the signing of the final judgment. See LSA-C.C.P. Art. 1974. Since no motions for a new trial were filed, the delay for applying for a devolutive appeal began to run on March 14, 1986, after the seven day delay, exclusive of holidays, had run on applying for a new trial. Thus, the plaintiff had sixty days from March 14, 1986 to motion the court for an appeal. These delays had long since run when the plaintiff filed his motion to join the appeal of Patterson, on September 10, 1986.
It does not matter that Patterson has perfected an appeal in this ease. If the plaintiff was to preserve his right to appeal, he must do it himself and not rely on another party. See Golden Lane Maine, Inc. v. Bobben Fabricators, Inc., 338 So.2d 116 (La.App. 1st Cir.1976).
As the appellant has not timely perfected an appeal, the motion to join the appellant’s, Patterson’s, appeal will be denied, and the appellant’s, Gilbert Benoit’s, appeal will be dismissed at his cost.
APPEAL DISMISSED.