EDWARDS, JUDGE PRO TEMPORE, J.
Defendants/Appellees, Ly Mai Nguyen and Tam Minh Nguyen, have filed the instant motion to dismiss appeal on the basis that it was untimely filed by plaintiff/appellant. Our review of the record finds that the motion for appeal was indeed filed untimely. Thus, we grant the appellees's Motion to Dismiss Appeal and accordingly dismiss this appeal.
The ruling at issue involves the trial court's judgment which granted appellees exception of prescription. Our review of the official record in this matter *996 reveals that the judgment appealed from was rendered on May 22, 2017, and notice of the signing of the judgment was mailed on the next day, May 23, 2017. However, the appellant's notice of intent to appeal the May 22, 2017 judgment was filed for the record on May 31, 2018, over one year after judgment had been rendered and notice sent to all parties.
La. C.C.P. art. 2087 provides that the delay for filing a devolutive appeal is within sixty days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely, or; the date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914. Neither time frame was met by appellants in their motion for a devolutive appeal.
As this Court explained in Parish of Jefferson v. McGee , 11-76, p. 5 (La. App. 5 Cir. 5/24/11), 67 So.3d 640, 642 :
Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal. The issue is not, as appellants claim in their Opposition to Motion to Dismiss, a matter of prescription. This court's opinion in Harper v. Eschenazi , 673 04-863 (La. App. 5 Cir. 12/28/04), 892 So.2d 671, is instructive herein:
The appeal delays found in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption: these time limits are jurisdictional. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed.
Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. (citations omitted)
In the instant case, upon finding that appellant's devolutive appeal was untimely, we are without jurisdiction to alter the judgment challenged.
For the above reasons, appellee's Motion to Dismiss Appeal is hereby granted. This appeal is hereby dismissed, costs to be borne by appellants.
MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED