## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-715


**HOME BANK, N.A.**

**VERSUS**

**GOLDEN LA PROPERTIES, LLC, SHERALI BAHADUR ALI, A/K/A SHERALI BAHADUR, KARIM KHANMOHAMED, AND SHEHMIR SHERALI**

\*\*\*\*\*\*\*\*\*\*
ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2020-5148
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
## JONATHAN W. PERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Jonathan W. Perry, Judges.


**APPEAL DISMISSED, IN PART;**
**JUDGMENT REVERSED;**
**CASE REMANDED.**

Jefferson J. Moss, Jr.
Moss & Associates
814 South Washington Street
Lafayette, LA 70501
(337) 237-6280
**COUNSEL FOR DEFENDANTS/APPELLANTS**:
   Golden LA Properties, LLC, Sherali Bahadur Ali, a/k/a
   Sherali Bahadur, Karim Khanmohamed, and Shehmir Sherali


Wayne A. Shullaw
Attorney at Law
600 Jefferson Street
Suite 502
Post Office Box 4815
Lafayette, LA 70502-4815
(337) 266-2311
**COUNSEL FOR PLAINTIFF/APPELLEE**:
   Home Bank, N.A.

**PERRY, Judge.**

This appeal involves two default judgments in a petition for deficiency judgment brought by Home Bank, N.A. ("Home Bank"), one against Golden LA Properties, LLC ("Golden"), and another against the three guarantors of Golden's indebtedness, Sherali Bahadur Ali a/k/a Sherali Bahadur ("Mr. Sherali"), Karim Khanmohamed ("Mr. Karim"), and Shehmir Sherali ("Mr. Shehmir") (collectively "the guarantors"). In a joint motion, Golden and the guarantors appeal. We dismiss Golden's appeal for lack of appellate jurisdiction, reverse the deficiency judgment against the guarantors, and remand to the trial court.

## FACTS AND PROCEDURAL HISTORY

On September 14, 2015, Golden, a Louisiana limited liability company, executed a promissory note with a principal amount of $2,925,778.25 in favor of the lender, Home Bank.[1] To secure the promissory note, Golden signed a multiple indebtedness mortgage and a commercial security agreement. The mortgage affected a tract of land containing 14.783 acres situated in Section 13, Township 9 South, Range 4 East, Parish of Lafayette, Louisiana ("the property"), more particularly identified by plat of survey dated September 19, 1994, and bearing municipal address 2032 NE Evangeline Thruway, Lafayette, Louisiana. In addition, the mortgage included not only the immovable property, but also encompassed:

> [A]ny and all present and future buildings, constructions, component parts, improvements, attachments, appurtenances, fixtures, rights, ways, privileges, advantages, batture, and batture rights, servitudes and easements of every type and description, now and/or in the future relating to the Property, and any and all items and fixtures attached to and/or forming integral or component parts of the Property in accordance with the Louisiana Civil Code.

---

[1] The original indebtedness, mortgage, and security agreement were in favor of St. Martin Bank and Trust Company ("St. Martin"). At the time of this litigation, Home Bank was the successor in interest to St. Martin. For clarity, we have chosen to refer to the plaintiff as Home Bank throughout this opinion.

The commercial security agreement further provided Home Bank with a "Security interest in any and all furniture, fixtures, equipment, inventory accounts, general intangibles and the Ramada Inn Franchise Agreement including but not limited to [the property] located at 2032 NE Evangeline Thruway in Lafayette, LA, 70501."

When the promissory note became in arrears on August 14, 2020, Home Bank commenced this litigation. Later, on October 20, 2020, Home Bank filed a petition to enforce a multiple indebtedness mortgage and commercial security agreement by executory process, naming Golden as the defendant. Service instructions stated, "Please serve the Defendant, Golden LA Properties, LLC, through its registered agent for service of process, Mr. Jefferson J. Moss, Jr. ["Mr. Moss"], at 814 S. Washington Street, Lafayette, Louisiana 70501." On October 22, 2020, as requested by Home Bank, the trial court signed an order which provided that the Writ of Seizure and Sale immediately issue to the Sheriff of Lafayette Parish. Thereafter, the Sheriff's Return shows personal service of the Notice of Seizure and Sale and the Notice to Appoint Appraiser having been made on "Rosie" on November 23, 2020.

Publication of the upcoming sale of the seized property was made on January 7, 2021, and February 4, 2021, in the *Daily Advertiser* (Lafayette); publication was in the circulated newspaper as well as the digital edition.[2] The appraiser's report was filed on February 4, 2021, reflecting two appraisals. One appraisal was for $1,500,000.00 and the other for $1,589,000.00; thus, the average appraisal was determined to be $1,544,500.00. The sale was scheduled for and did take place on February 10, 2021. As reflected in the *Procès Verbal*, the property was adjudicated

---

[2] In addition, Home Bank provided notice of the seizure on December 3, 2020, via certified mail to 2032 Evangeline Hospitality, LLC, the lessee of the premises. Shortly thereafter, on December 8, 2020, Home Bank also requested the Clerk of Court for Lafayette Parish to record a copy of the *Mennonite* notice sent out in connection with the seizure and sale of the property.

2

to Home Bank for $1,029,667.00, two-thirds of the appraisal value, on the date of the sale, and a deed was issued to it by the Sheriff of Lafayette Parish.

Subsequently, on March 15, 2021, Home Bank filed an amended petition for deficiency judgment, naming Golden and the guarantors as defendants. Service was requested on Golden through its registered agent for service of process, Mr. Moss, at the same address designated in the executory proceedings and on the guarantors, domiciliaries of San Antonio, Texas, through the Louisiana Long Arm Statute.

Service of citation[3] was made on Golden on April 27, 2021. As shown on the Sheriff's Return, personal service of the amended petition for deficiency judgment was made on "Rosy."

After service of citation was made on Golden, Home Bank filed a motion and order for preliminary default on May 27, 2021. In that motion, it is stated:

> **ON MOTION** of the Plaintiff, Home Bank, N.A., through undersigned counsel, and on suggesting to the court that PERSONAL service of the Citation and Petition was made on the Defendant, Golden LA Properties, LLC, through its registered agent for service of process, Jefferson J. Moss, Jr., on April 27, 2021; that the Defendant, Golden LA Properties, LLC, has failed to answer or otherwise appear within the time prescribed by law; and that the Plaintiff desires and is entitled to a preliminary judgment by default.

On May 28, 2021, the Commissioner for the 15th Judicial District Court granted the preliminary judgment by default.

Then, on June 7, 2021, Home Bank presented a judgment to the trial court, seeking the confirmation of the preliminary default entered on May 28, 2021. In

---

[3] Citation and service of citation are not the same. Under La.Code Civ.P. art. 925(A)(1), an objection to insufficiency of citation is leveled at the form of the citation mandated in La.Code Civ.P. art. 1202. As provided in La.Code Civ.P. art. 925(A)(2), an objection leveled at the insufficiency of service of process focuses on the person to whom citation is delivered or on the manner in which delivery is made. *See Filson v. Windson Ct. Hotel*, 04-2893 (La. 6/29/05), 907 So.2d 723 (*citing* Maraist, Frank L. and Lemmon, Harry T., *Louisiana Civil Law Treatise,* Vol. 1, § 6.5, p. 108.

3

support of that requested judgment, Home Bank attached a default judgment certification which certified, among others, the following: "The Defendant, Golden LA Properties, LLC, was served through its registered agent for service of process, Jefferson J. Moss, Jr., on April 27, 2021."

On June 14, 2021, the trial court granted judgment in favor of Home Bank and against Golden. The judgment reads as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of the Plaintiff, Home Bank, N.A., and against the Defendant, GOLDEN LA PROPERTIES, LLC (TIN#**-***1513), in the principal sum of ONE MILLION NINE HUNDRED EIGHTY-NINE THOUSAND SIX HUNDRED ELEVEN AND 71/100 ($1,989,611.71) DOLLARS, accrued interest in the additional sum of THIRTY-SEVEN THOUSAND TWO HUNDRED ONE AND 31/100 ($37,201.31) DOLLARS, late charges in the additional sum of TWO THOUSAND ONE HUNDRED AND NO/100 ($2,100.00) DOLLARS, property taxes in the additional sum of FOUR THOUSAND TWO HUNDRED TWELVE AND 92/100 ($4,212.92) DOLLARS, together with interest at the rate of TWENTY-ONE PERCENT (21%) per annum from October 9, 2020 until paid, reasonable attorney's fees in the amount of TWENTY-FIVE PERCENT (25%) of the principal balance due on the loan, the aforesaid subject to ONE (1) credit in the amount of NINE HUNDRED NINETY-FIVE THOUSAND NINE HUNDRED FIFTY-ONE AND 72/100 ($995,951.72) DOLLARS effective February 10, 2021, and for all costs of these proceedings.

Notice of judgment was then mailed to Golden on June 16, 2021.

The action against the three guarantors proceeded separately from Golden's. As shown on affidavits of service executed for each of the three guarantors, the legal secretary with the law firm of Wayne A. Shullaw, counsel for Home Bank, stated that service of citation in accordance with the Louisiana Long Arm Statute was made on Mr. Sherali on April 29, 2021, and Mr. Karim and Mr. Shehmir on May 4, 2021.

Subsequently, on June 14, 2021, after Home Bank asserted that Mr. Sherali, Mr. Karim, and Mr. Shehmir failed to answer or appear, the Commissioner for the 15th Judicial District Court entered a preliminary default judgment.

4

Later, on June 21, 2021, Home Bank presented a judgment to the trial court, seeking the confirmation of the preliminary default entered on June 14, 2021. Attached to that proposed judgment, default judgment certification was made, attesting among others, that service of citation through the Louisiana Long Arm Statute was made on Mr. Sherali on April 29, 2021, and Mr. Karim and Mr. Shehmir, on May 4, 2021.

On June 28, 2021, the trial court granted judgment in favor of Home Bank and against the three guarantors. The substance of the judgment was the same as that detailed in favor of Home Bank and against Golden. Notice of judgment was mailed to the three guarantors on June 30, 2021.

On September 2, 2021, Golden and the three guarantors filed a joint motion and order for devolutive appeal.[4] Their motion referenced only the judgment entered on June 28, 2021, and the notice of judgment dated June 30, 2021. In its order dated September 18, 2021, the trial court stated:

> **IT IS HEREBY ORDERED THAT** Defendants, **GOLDEN LA PROPERTIES, LLC, SHERALI BAHADUR ALI, KARIM KHANMOHAMED, AND SHEHMIR ALI**, be granted a devolutive appeal from the Judgment signed on June 28, 2021, on Plaintiff's Petition to Enforce Multiple Indebtedness Mortgage and Commercial Security Agreement by Executory Process and Amended Petition for Deficiency Judgment[.]"

In their brief, Golden and the guarantors contend that the trial court erred by: (1) granting a preliminary default against Golden in the action for deficiency judgment when the service on the limited liability company was defective on its face; (2) granting a preliminary default judgment against Golden when the appraisal of the property was not sufficiently detailed so as to allow for the sale of the property;

___

[4] On October 5, 2021, Golden and the guarantors also filed a petition to nullify the two default judgments in the trial court and further sought a preliminary injunction to stop Home Bank from executing further actions regarding the seized property and collection of the debt.

5

(3) accepting incomplete returns of service by the Sheriff as sufficient to prove personal service on the registered agent of Golden; (4) granting final default judgment against Golden and the three guarantors based on the erroneously granted preliminary default; (5) granting a preliminary default against the guarantors when the affidavit of service failed to certify that citation and a certified copy of the petition were served via the Long Arm statute; (6) granting a preliminary default against the guarantors when the affidavit of service failed to attach receipts signed by the guarantors being served or by attaching receipts signed by a recipient identified as a person residing at the domicile of the individual guarantors; (7) granting a preliminary default based on an affidavit of service that failed to identify the persons actually served and providing information on the failed delivery receipts sufficient to identify by full name and declared relationship of the person actually served; (8) granting a deficiency judgment when the record of the executory process shows defective service on the principal debtor, Golden LA Properties, LLC, of the original and amended petition, of the notice of seizure and sale, and of the notice of appointment of appraiser; (9) granting the preliminary judgment where the Sheriff's procès verbal and the appraiser's report and the Sheriff's Deed clearly show that the immovable, movable, and intangible property seized was appraised "in globo" and sold "in globo" and that the appraisal was clearly not sufficiently minute so as to allow the seized movable property to be sold separately from the immovable property and from the intangible property; (10) granting the preliminary default judgment and the final default deficiency judgment where the in globo appraisal and in globo sale of the property did not allow the determination of whether priced bid was sufficient to satisfy the requirement for a two-third's bid of the appraised value based on the right of the borrower to get a credit equal to the "equivalent value" of

6

the movable and intangible property seized pursuant to the Commercial Security Agreement and the inability to allocate the price to the immovable and movable and intangible property; and (11) awarding excessive attorney fees of 25% of the principal balance without a scintilla of evidence to support the award of such fees, save and except the language in the promissory note allowing 25% attorney fee.

## APPELLATE JURISDICTION

Before we reach any argument as to the merits of this joint appeal, we must first address the question of whether we have jurisdiction to reach Golden's argument.

This case involves two default judgments. On June 14, 2021, the trial court signed a default judgment in favor of Home Bank and against Golden; notice of judgment was sent to Home Bank and Golden on June 16, 2021. Later, on June 28, 2021, the trial court signed a separate default judgment in favor of Home Bank and against the guarantors, Mr. Karim, Mr. Sherali, and Mr. Shahmir; notice of judgment was sent to Home Bank and the guarantors on June 30, 2021.

On September 2, 2021, Golden and the guarantors filed a joint motion and order for devolutive appeal, referencing only the judgment entered on June 28, 2021, and the notice of judgment dated June 30, 2021. In the motion appears language, stating "a copy of which Judgment is attached hereto;" attached was a copy of the judgment dated June 30, 2021. The language of that judgment clearly states that it involves only the guarantors. The judgment of June 16, 2021, which solely particularized Golden, was neither referenced nor attached to the motion and order for devolutive appeal. Nevertheless, in its Order the trial court granted a devolutive appeal to Golden as well as the three guarantors.

7

In their joint brief to this court, Golden references both judgments and presents arguments about both judgments. It is problematic that Golden has not referenced the judgment of June 14, 2021, the one that cast it in judgment, in the motion and order for appeal dated September 2, 2021.

> An appellant's failure to file a *devolutive* appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed.
>
> . . . .
>
> Thus, when an appellant fails to file a *devolutive* appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.

*Baton Rouge Bank & Trust Co. v. Coleman*, 582 So.2d 191, 192 (La.1991). *See also Capital One, N.A. v. Fontana,* 18-410 (La.App. 5 Cir. 7/31/18), 252 So.3d 995; *Harper v. Eschenazi*, 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671.

To better assess this question, we turn to the jurisprudence. In *Benoit v. Grey Wolf Drilling, Inc.*, 498 So.2d 299 (La.App. 3 Cir. 1986), the plaintiff's action was dismissed with prejudice on a successful defense motion for summary judgment. A motion and order of appeal filed by an intervenor was signed by the trial court. The plaintiff himself filed no motion or order of appeal but later filed a motion to join the appeal perfected by the intervenor. However, the delays for perfecting the appeal had run when plaintiff filed his motion to join the appeal.[5] The appeal was dismissed on the appellee's motion. "If the plaintiff is to preserve his right to appeal, he must do [so] himself and not rely on another party." *Id.* at 300; *see also Golden Lane*

---

[5] In the present case, we observe that at the time Golden joined in the guarantors' appeal, the time had elapsed for Golden to have devolutively appealed the judgment against it dated June 14, 2021.

8

*Marine, Inc. v. Bobben Fabricators, Inc.*, 338 So.2d 116, 117 (La.App. 4 Cir.), *writ denied*, 340 So.2d 317 (La.1976).

Moreover, there is a difference between the *right* of a third party, who has an interest in the judgment to intervene in proceedings as provided in La.Code Civ.P. art. 2086, with the *jurisdictional requirement* that a party wishing to appeal an adverse judgment must obtain an order of appeal. There can be no appeal absent an order of appeal because the order is jurisdictional; this lack of jurisdiction can be noticed by the court on its own motion at any time. *Baton Rouge Ass'n of Sch. Emp.'s, Local 100 Serv. Emps. Int'l Union, AFL–CIO v. East Baton Rouge Par. Sch. Bd.*, 98-0526 (La.App. 1 Cir. 4/1/99), 729 So.2d 1154, *writ denied,* 99-1278 (La. 7/2/99), 747 So.2d 19; *Strickland v. Layrisson*, 96-1280 (La.App. 1 Cir. 6/20/97), 696 So.2d 621, *writ denied,* 97-1940 (La. 11/14/97), 704 So.2d 228.

In the case now before the court, the record shows Golden is unable to fashion any arguments that would excuse its failure to obtain and file a timely order of appeal by which it could protect its significant pecuniary interest in these proceedings. Simply stated, the failure of Golden to obtain a timely order of appeal from the judgment which casts it liable to Home Bank constitutes a forfeiture of its right to appeal. Under these circumstances, we have no jurisdiction to address Golden's arguments. Therefore, we dismiss Golden's appeal, and turn our attention to the guarantors' timely filed appeal.

## LAW AND DISCUSSION

The guarantors first argue that the deficiency judgment should be reversed because proper service of the notice of seizure and sale as well as the notice of appraisal on Golden was not sufficiently proven to sustain the default deficiency judgment rendered against them.

In reviewing default judgments, an appellate court is restricted to determining the sufficiency of the evidence offered to support the judgment; that determination is a factual one governed by the manifest error standard of review. *Arias v. Stolthaven New Orleans, LLC*, 08-1111 (La. 5/5/09), 9 So.3d 815; *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340.

In *First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc.*, 529 So.2d 834, 841-42 (La.1987) (footnotes omitted), the Louisiana Supreme Court set forth the requirements for a deficiency judgment, as follows:

> When the property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La.C.Civ.P. art. 2771. However, the creditor can do so only by converting the executory proceeding into an ordinary one, or by instituting a new suit against the mortgagor. La.C.Civ.P. arts. 2644, 2772. Under either method, the new proceeding is a personal action, in which the defendant has all of the rights of a defendant in an ordinary proceeding, e.g. he must be subjected personally to the jurisdiction of the court and process must be served on him. The confession of judgment, having served its purpose in the executory proceeding, has become *functus officio,* and the mortgagee must prove the indebtedness asserted by the usual modes of proof. La.C.Civ.P. art. 2772; *New Orleans Canal & Banking Co. v. Hagan,* 1 La.Ann. 62, 66 (1846); *Liquidators of Prudential Savings & Homestead Society v. Nassans,* 8 La.App. 712 (1928); McMahon, [The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 571 (1958)].

> To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La.C.C. art. 1831, and the grounds of non-performance entitling him to maintain his judicial action. La.C.C. art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; *Gordon Finance Co. v. Chambliss,* 236 So.2d 533 (La.App. 2d Cir.1970), *writ denied,* 256 La. 869, 239 So.2d 364 (1970); *Pickering v. Kinney,* 205 So.2d 199 (La.App. 2d Cir.1968); and that the proceeds received were insufficient to satisfy the balance of the performance then due. La.C.Civ.P. art. 2771; La.R.S. 13:4106; 4107. The appraisal

procedures of article 2723 require that prior to the sale, the property seized must be appraised in accordance with law, and the order directing the issuance of the writ of seizure and sale must have directed that the property be sold as prayed for. Other statutory law sets forth the procedures for written notices to the debtor and seizing creditor, the appointment of appraisers, the sheriff's appointment of an appraiser if a party neglects to do so, delivery of appraisals, oaths of appraisers, and the form of the appraisals. La.R.S. 13:4363–4365.

The debtor, on the other hand, may assert both negative and affirmative defenses against the deficiency judgment action. He may defend by demonstrating the creditor's failure to prove one of the aforementioned elements of his case or by rebutting the existence of such an element. Additionally, the debtor may assert that an obligation is null, or that it has been modified or extinguished, but in such a case the debtor must prove the facts or acts giving rise to the nullity, modification, or extinction. La.C.C. art. 1831; La.C.Civ.P. art. 1005.

Our review of the guarantors' argument shows that they question whether the various notices were properly provided to Golden in the original executory proceeding. To address their argument, we must review the service requirements enunciated in the Code of Civil Procedure and the specific notices required in executory proceedings.

"Citation is not necessary in an executory proceeding." La.Code Civ.P. art. 2640; *see also* La.Code Civ.P. art. 1201(A) ("Citation and service thereof are essential in all civil actions except in summary and executory proceedings . . . ."). Nevertheless, the notice of seizure and sale mandated by La.Code Civ.P. art. 2721(B) is in most cases "the only notice a defendant receives of the foreclosure." *Sec. Homestead Ass'n v. Fuselier*, 591 So.2d 335, 340 (La.1991). To that end, La.Code Civ.P. art. 2721(B) (emphasis added), provides, in part, that "[t]he sheriff shall serve upon the defendant a written notice of the seizure of the property. *Such notice of seizure shall be accomplished by personal service or domiciliary service*."

Likewise, regarding appraisal, La.R.S. 13:4363(A) (emphasis added) mandates the following:

11

Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, *in the manner provided for the service of a citation*, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale.

In the present case, both the notice of seizure and sale and the notice to appoint appraiser directed service to be made on Golden "THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS, MR. JEFFERSON J. MOSS, JR., 814 S. WASHINGTON STREET, LAFAYETTE, LA 70501 of the Parish of Lafayette." Both Sheriff's Returns show personal service was made on November 23, 2020, and identifies "Rosie" as the recipient.

Relying on La.Code Civ.P. art. 1266, the guarantors argue service on Golden, a limited liability company, had to be made "by personal service on any one of its agents for service of process." As shown on both the notice of seizure and sale and the notice to appoint appraiser, Golden's registered agent for service of process was Mr. Moss. It is also evident from the Sheriff's Return that personal service was not made on Golden's registered agent for service of process.

As noted above, citation and service are not essential in executory proceedings. La.Code Civ.P. art. 2640; La.Code Civ.P. art. 1201(A). With that in mind, we observe that La.Code Civ.P. art. 2721(B) allows the sheriff to provide the notice of seizure and sale on the debtor, utilizing either personal or domiciliary service of the notice of seizure and sale on the debtor. And La.R.S. 13:4363(A) directs the sheriff to provide the debtor with the notice to assign appraiser "*in the manner provided for the service of a citation*"; thus, at least by implication, La.R.S. 13:4363(A) mandates the personal service required on the registered agent of a

12

limited liability company detailed in La.Code Civ.P. art. 1266. Against that backdrop, our first task is to determine whether the notice requirements mandated for the notice of seizure and sale and the notice to appoint appraiser as they relate to Golden, a limited liability company, are different or the same as those specified in La.Code Civ.P. art. 1266.

The issue presented is solely a question of law, requiring the interpretation of a statute. Thus, our review is *de novo*. *Hartman v. St. Bernard Par. Fire Dep't & Fara*, 20-693 (La. 3/24/21), 315 So.3d 823; *Louisiana Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809.

"The starting point for interpretation of any statute is the language of the statute itself." *State v. Williams*, 10-1514, p. 6 (La. 3/15/11), 60 So.3d 1189, 1192 (quoting *Cat's Meow v. City of New Orleans*, 98-601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198). "[A] fundamental principle of statutory interpretation [is] that when a 'law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied a[s] written, and no further interpretation may be made in search of the intent of the legislature.'" *McLane S., Inc. v. Bridges*, 11-1141, pp. 5-6 (La. 1/24/12), 84 So.3d 479, 483, (quoting *Harrah's Bossier City Inv. Co., LLC v. Bridges*, 09-1916, p. 11 (La. 5/11/10), 41 So.3d 438, 446-47 (citing La.Civ.Code art. 9)).

As explained in *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, pp. 12-13 (La. 7/1/08), 998 So.2d 16, 26-27 (citations omitted):

> The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is

ascertainment of the legislative intent and the reason or reasons which prompted the Legislature to enact the law.

Moreover, "[t]he words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11.

> When, on the other hand, a statute is not clear and unambiguous, or its application leads to absurd consequences, we rely on secondary rules of statutory interpretation to discern the meaning of the statute at issue. *See Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 10-0193, p. 10 (La. 1/19/11), 56 So.3d 181, 187-88 (quotation omitted). In such cases, the statute "must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." *Id.*

*Borcik v. Crosby Tugs, L.L.C.*, 16-1372, pp. 4-5 (La. 5/3/17), 222 So.3d 672, 675.

Furthermore, the laws of statutory construction require that "laws on the same subject matter be interpreted in reference to each other. La.Civ.Code art. 13." *Louisiana Mun. Ass'n*, 893 So.2d at 837. "[W]here it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter." *Id.; Hollingsworth v. City of Minden,* 01-2658, p. 4 (La. 6/21/02), 828 So.2d 514, 517; *Borel v. Young*, 07-0419, p. 15 (La. 11/27/07), 989 So.2d 42, 61, *on reh'g* (7/1/08).

After reviewing the statutes, the law, and the jurisprudence, we find we do not have to resolve the seemingly contradictory provisions posed by the differing statutes that describe the sheriff's duty relative to the service of notice of the seizure (personal or domiciliary) and sale and notice of appraisal (in the manner of citation, *i.e.*, personally on the registered agent of the limited liability company).

As reflected in the jurisprudence, the failure of either notice requirement in an executory proceeding is sufficient to cause a reversal of the deficiency judgment against the guarantors. *See First Guar. Bank*, 529 So.2d 834.

14

Louisiana Revised Statutes 13:4363(A) (emphasis added) clearly directs the sheriff to provide the debtor with the notice to assign the appraiser "*in the manner provided for the service of a citation*[.]" As provided in La.Code Civ.P. art. 1266, a provision appearing in Title II, Citation and Service of Process, Chapter 3, Service on Legal and Quasi Legal Entities, personal service on Golden's registered agent was required. As evident from the Sheriff's Return in the record, service on "Rosie" did not meet that requirement. We acknowledge that La.Code Civ.P. art. 1266(B) provides alternative modes of service should the limited liability company have failed to designate an agent for service of process or "if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent[.]" However, the record is void of certification that the required service could not have been made in the manner required by La.Code Civ.P. art. 1266(A). This failure alone is sufficient to show that Home Bank did not establish by evidence in support of its amended petition for deficiency judgment that the property was sold under the executory proceeding after appraisal in accordance with the law. Thus, we reverse the deficiency judgment granted against the guarantors.[6]

## DISPOSITION

For the foregoing reasons, we dismiss Golden LA Properties, LLC, from this appeal. Furthermore, we reverse the deficiency judgment granted in favor of Home Bank and against the guarantors, Sherali Bahadur Ali a/k/a Sherali Bahadur, Karim Khanmohamed, and Shehmir Sherali. This matter is remanded to the trial court to address the pending action for nullity brought against Home Bank. Costs of this appeal are assessed to Home Bank, N.A.

---

[6] Because we find the guarantors' argument as to the sufficiency of the service of notice dispositive of this appeal, we do not have to reach the guarantors' other assignments of error.

15

**APPEAL DISMISSED, IN PART; JUDGMENT REVERSED; CASE REMANDED.**